**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FELICIANO VELASCO ROJAS and
LUIS GUZMAN ROJAS,

        Plaintiffs,

      v.

FIRST PICK FARMS LLC., FIRST
PICK FARMS MANAGEMENT, LLC.,
HB HIVE, LLC., and GROW BLUE
FARMS, LLC., ,

        Defendants.

Case No. 1:23-cv-00604-PLM-SJB

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants First Pick Farms LLC ("First Pick Farms") and Grow Blue Farms, LLC ("Grow Blue Farms"),[1] through undersigned counsel, hereby submit their Answer to the Second Amended Complaint of Plaintiffs Feliciano Velasco Rojas and Luis Guzman Rojas and state as follows:

## COMPLAINT ¶1:

Plaintiffs Feliciano Velasco Rojas and Luiz Guzman Rojas bring this civil action against Defendants First Pick Farms, LLC ("First Pick Farms"), First Pick Farms Management, LLC ("First Pick Farms Management"), HB Hive and Company LLC, ("HB Hive"), and Grow Blue Farms, LLC ("Grow Blue Farms"), Grow Blue Farms Hourly, LLC ("Grow Blue Farms Hourly"), Grow Blue Farms Salary, LLC ("Grow Blue Farms Salary") (collectively "Defendant Enterprise" or

---

[1] The Court dismissed all claims against Grow Blue Farms Hourly, LLC ("Grow Blue Farms Hourly"); and Grow Blue Farms Salary, LLC("Grow Blue Farms Salary").  (ECF No. 84.)

"all six corporate Defendants" or "Defendants") for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), the Trafficking Victims Protection Act ("TVPA"), and the Trafficking Victims Protection Reauthorization Act of 2003 and 2008 ("TVPRA") for agricultural work done on Defendants' blueberry farms located in West Olive, Michigan during the summer of 2017 and for being trafficked to perform agricultural labor.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that Plaintiffs have brought this civil action for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), the Trafficking Victims Protection Act ("TVPA"), and the Trafficking Victims Protection Reauthorization Act of 2003 and 2008 ("TVPRA") for agricultural work done on blueberry farms located in West Olive, Michigan during the summer of 2017 and for being trafficked to perform agricultural labor but deny that Plaintiffs are entitled to any relief for the claims asserted therein.

**COMPLAINT ¶2:**

Beginning in July of 2017 and continuing throughout the blueberry-growing season of the same year, all six corporate Defendants violated multiple provisions of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801-1872 through the corporate structure that existed while Plaintiffs were employed at Defendants' blueberry farm as migrant agricultural workers.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶3:**

While Plaintiffs were employed in North Carolina under the federal H-2A program that had provided them with nonimmigrant visas, Defendant Enterprise's employee without legal authority transported Plaintiffs from North Carolina to Michigan, compelling their labor through threats of force and serious harm including economic harm and abuse of legal process. 18 U.S.C. § 1589. Plaintiffs, two Mexican citizens, were victims of labor trafficking, involuntary servitude and forced labor as defined by the TVPA, 18 U.S.C. §§1581 et seq., and the TVPRA, 22 U.S.C. §7101.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny that they employed Plaintiffs and that any of their employees transported Plaintiffs from North Carolina to Michigan without legal authority and compelled their labor through threats of force and serious harm including economic harm and abuse of legal process.

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this Paragraph that Plaintiffs are Mexican citizens.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶4:**

Defendant Enterprise, through its agent and direct employee, Antonio Sanchez, recruited and transported Plaintiffs from their H-2A employment in North Carolina, with the wages and benefits of that federal program, to work and reside in poorer conditions at the Defendants' blueberry farm in West Olive, Michigan.

3

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this Paragraph that Antonio Sanchez recruited and transported Plaintiffs from their H-2A employment in North Carolina, with the wages and benefits of that federal program, to work and reside in West Olive, Michigan. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶5:**

The H-2A work in North Carolina remained available as evidenced by the large number of other H-2A workers that remained in North Carolina. The Defendant Enterprise's employee, by taking the Plaintiffs from North Carolina, took away Plaintiffs' H-2A protections and contractual benefits including the three-quarters guarantee. 20 C.F.R. 655.122(I).

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants deny that they took away Plaintiffs' H-2A protections and contractual benefits including the three-quarter guarantee under 20 C.F.R. 655.122(I). Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this Paragraph that H-2A work in North Carolina remained available and that a large number of other H-2A

4

workers remained in North Carolina. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

## COMPLAINT ¶6:

Defendant Enterprise compelled Plaintiffs to work under threatened abuse of the legal process by compelling Plaintiffs' use of false immigration documentation and threatening to call immigration authorities if Plaintiffs complained to anyone, including other persons working at the Defendants' blueberry farm. These threats which compelled Plaintiffs to work for Defendants began prior to their arrival in Michigan and were made by Defendants' agent and employee, Antonio Sanchez (hereinafter "Sanchez").

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms deny compelling Plaintiffs to work, deny threatening abuse or abuse of the legal process, deny compelling use of false immigration documentation,, and deny threatening to call immigration authorities. Defendant First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

## COMPLAINT ¶7:

Upon Plaintiffs' arrival in Michigan, Defendant Enterprise compelled Plaintiffs to work in grueling conditions picking blueberries for as many as twelve hours per day without breaks, seven days per week, and to live in woefully overcrowded and otherwise substandard housing arranged by the Defendants and for which they were required to pay rent.

5

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny compelling

Plaintiffs to work, deny employing Plaintiffs, deny providing housing of any kind

to Plaintiffs, and deny charging Plaintiffs rent.

Defendants First Pick Farms and Grow Blue Farms deny each and every

remaining allegation of this Paragraph.

**COMPLAINT ¶8:**

Plaintiffs seek redress from all six corporate Defendants jointly and severally for Defendants' violations of law, in the form of statutory or actual damages under the AWPA, and actual damages plus reasonable attorneys' fees under the TVPA and TVPRA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that Plaintiffs seek

the redress described in this Paragraph but deny that Plaintiffs are entitled to any

such redress for the claims asserted therein.

**JURISDICTION AND VENUE**

**COMPLAINT ¶9:**

This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 (federal question), the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1854(a) et seq.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that Plaintiffs

purport to establish jurisdiction in this case under 28 U.S.C. § 1331 and the

Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §

1854(a) *et seq*. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

## COMPLAINT ¶10:

Pursuant to 18 U.S.C. § 1595 this Court has jurisdiction over civil claims brought by Plaintiffs for violations of the Trafficking Victims Protection Act ("TVPA") and the Trafficking Victims Protection Reauthorization Acts ("TVPRA").

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms admit that Plaintiffs purport to establish jurisdiction in this case under 18 U.S.C. § 1595. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

## COMPLAINT ¶11:

Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) as this is the judicial district where all six corporate Defendants reside and in which a substantial part of the events or omissions giving rise to the claim occurred.

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms admit that Plaintiffs purport to establish venue in this District by alleging events or omissions giving rise to the claim occurred within this District. Defendants First Pick Farms and Grow Blue Farms deny that any of them committed any unlawful employment practices in this District or elsewhere. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

## PARTIES

### Migrant Worker Plaintiffs

**COMPLAINT ¶12:**

Plaintiff Luiz Guzman Rojas ("Plaintiff Guzman" or "Mr. Guzman") is a Mexican national and a migrant farmworker who currently resides in North Carolina.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

**COMPLAINT ¶13:**

Plaintiff Feliciano Velasco Rojas ("Plaintiff Velasco" or "Mr. Velasco") is a Mexican national and a migrant farmworker who currently resides in Florida.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

**COMPLAINT ¶14:**

Plaintiffs are from impoverished areas of Mexico where there are few opportunities for paid employment. Plaintiffs traveled to the United States at considerable personal expense to support their families.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

**COMPLAINT ¶15:**

Plaintiff Guzman is an individual from the state of Michoacan, Mexico and was employed by the Defendants from approximately June 2017 to September 2017.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiff Guzman. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph that Plaintiff Guzman is an individual from the state of Michoacan, Mexico.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶16:**

Plaintiff Velasco is an individual from the state of Oaxaca, Mexico and was exclusively employed by the Defendants from approximately June 2017 to August 2017.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiff Velasco. Defendants First Pick Farms and Grow Blue Farms lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph that Plaintiff Velasco is an individual from the state of Oaxaca, Mexico.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

## COMPLAINT ¶17:

At all times relevant to this Complaint, Plaintiffs Guzman and Velasco were migrant agricultural workers pursuant to the AWPA 29 U.S.C. § 1802 (8) and 29 C.F.R. § 500.20(p).

## ANSWER:

This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

## COMPLAINT ¶18:

In May of 2017 the Plaintiffs entered the United States through the H-2A visa program to work in North Carolina along with a number of other Mexican nationals.

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

**COMPLAINT ¶19:**

Plaintiffs worked on Defendant Enterprise's blueberry farms in Michigan for one season from June 2017 through August of 2017 for Plaintiff Velasco and through September of 2017 for Plaintiff Guzman picking blueberries.

**ANSWER:**

Defendant First Pick Farms denies each and every allegation of this

Paragraph.

Defendant Grow Blue Farms lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the allegation in this Paragraph that

Plaintiffs picked blueberries on farms operated by Grow Blue Farms in Michigan

from June 2017 through August of 2017 for Plaintiff Velasco and through

September of 2017 for Plaintiff Guzman, as there are no records of work

performed by individuals named Feliciano Velasco Rojas or Luis Guzman Rojas.

Defendant Grow Blue Farms denies each and every remaining allegation of this

Paragraph.

**COMPLAINT ¶20:**

While working for Defendant Enterprise, Plaintiffs held permanent places of residence in Mexico.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in

this Paragraph.

11

**COMPLAINT ¶21:**

Plaintiffs were housed by Defendant Enterprise at a migrant housing facility located at 1941 Cleveland Avenue, Wyoming, Michigan, 49509 ("1941 Cleveland Ave.") for the benefit of Defendants.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph that Plaintiffs were housed at a migrant housing facility located at 1941 Cleveland Avenue, Wyoming, Michigan, 49509.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶22:**

At all times relevant to this action, Plaintiffs Guzman and Velasco were employed in agricultural employment under AWPA, 29 U.S.C. § 1802(3) and 29 C.F.R. §500.20(e), in that they were employed in the production, cultivation, growing, and harvesting of agricultural or horticultural commodities and/or work incident to or in conjunction with Defendant Enterprise's growing operations, including preparation for market.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶23:**

Defendant First Pick Farms, LLC, which operates under the name "First Pick Farms" is a domestic corporate entity and agricultural employer under the AWPA which operates a farm that cultivates and harvests roughly 2,200 acres of

blueberries located in West Olive, Nunica, Rothbury, and Covert, Michigan. First Pick Farms markets and sells fresh and frozen blueberries throughout Michigan. First Pick Farms operates its own packing facility which packs for other growers and employs roughly 100 packing workers during peak season. First Pick also employs roughly 700-800 migrant agricultural workers during peak season to harvest the blueberries, also another 100 seasonal agricultural workers for spraying, mowing, field maintenance and machine harvesting.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that First Pick Farms formerly operated under the name "First Pick Farms," as a domestic corporate entity that marketed fresh and frozen blueberries throughout Michigan, and operated its own packing facility. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation in this Paragraph.

**COMPLAINT ¶24:**

All six corporate Defendants are overlapping agricultural operations and holding companies that are owned or controlled by the same operators and corporate officers.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶25:**

All six corporate Defendants conduct business from the same rural address of 14786 Winans St., West Olive, Michigan, 49460 ("14786 Winans").

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶26:**

All six corporate Defendants share profit and loss from the venture of growing, harvesting, and selling blueberries.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶27:**

Defendants collectively do business as First Pick Farms.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶28:**

Defendant First Pick Farms Management, LLC ("First Pick Farms Management") is a domestic corporate entity operating under the name "First Pick Farms" and affiliated with Defendant First Pick Farms, LLC.

**ANSWER:**

On information and belief, Defendants First Pick Farms and Grow Blue Farms admit that First Pick Farms Management, LLC was or is a domestic corporate entity.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶29:**

Defendant HB Hive and Company, LLC ("HB Hive") is a domestic corporate entity doing business as "First Pick Farms" and affiliated with Defendant First Pick Farms, LLC.

**ANSWER:**

On information and belief, Defendants First Pick Farms and Grow Blue Farms admit that Defendant HB Hive and Company, LLC was or is a domestic corporate entity. Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶30:**

First Pick Farms provides on their corporate website that HB Hive and Company, LLC is "d/b/a First Pick Farms 14786 Winans, West Olive, MI 49460."

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶31:**

Defendant HB Hive is a limited liability company which was owned in 2017 by GBF Corporation, LLC, which was, in turn, owned during 2017 by Tom Mitchell.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

**COMPLAINT ¶32:**

Defendant Grow Blue Farms, LLC is a foreign corporate entity doing business as "First Pick Farms" and affiliated with Defendant First Pick Farms, LLC.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that Grow Blue Farms, LLC was a foreign corporate entity and affiliated with First Pick Farms, LLC. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶33:**

Defendant Grow Blue Farms Hourly, LLC is a domestic corporate entity doing business from 14786 Winans with registered agent Scott Nagelvoort, who also serves as the Chief Executive Officer of Defendant First Pick Farms, LLC.

**ANSWER:**

The Court dismissed all claims against Defendant Grow Blue Farms Hourly, LLC (ECF No. 84), and no response is required.

**COMPLAINT ¶34:**

Defendant Grow Blue Farms Salary, LLC is a domestic corporate entity doing business from 14786 Winans with registered agent Scott Nagelvoort, who also serves as the Chief Executive Officer of Defendant First Pick Farms, LLC.

**ANSWER:**

The Court dismissed all claims against Defendant Grow Blue Farms Salary, LLC (ECF No. 84), and no response is required.

16

**COMPLAINT ¶35:**

Defendants Grow Blue Farms, Grow Blue Farms Hourly, Grow Blue Farms Salary, and First Pick Farms all also share the same registered office mailing address: 937 Bay Ridge Drive, Holland, MI 49424.

**ANSWER:**

The Court dismissed all claims against Defendants Grow Blue Farms Hourly, LLC and Grow Blue Farms Salary, LLC (ECF No. 84). Defendants First Pick Farms and Grow Blue Farms admit both formerly had a registered office mailing address of 937 Bay Ridge Drive, Holland, MI 49424.

**COMPLAINT ¶36:**

Defendants HB Hive registered office mailing address is 14786 Winans Street, the same rural address where all six corporate Defendants conduct their business.

**ANSWER:**

On information and believe, Defendants First Pick Farms and Grow Blue Farms admit that the registered office mailing address of HB Hive was or is 14786 Winans Street. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation in this Paragraph.

**COMPLAINT ¶37:**

In 2017, Tom Mitchell owned and operated First Pick Farms, First Pick Farms Management, HB Hive, and Grow Blue Farms.

**ANSWER:**

On information and belief, Defendants First Pick Farms and Grow Blue Farms admit the allegations in this Paragraph.

**COMPLAINT ¶38:**

Upon information and belief, Grow Blue Farms Hourly and Grow Blue Farms Salary have the ability to provide relief to the employees affected by violations committed by Defendant Enterprise prior to 2021.

**ANSWER:**

The Court dismissed all claims against Defendants Grow Blue Farms Hourly, LLC and Grow Blue Farms Salary, LLC (ECF No. 84). To the extent an answer is required, the allegations are denied.

**COMPLAINT ¶39:**

All six Defendants: First Pick Farms, First Pick Farms Management, HB Hive, and Grow Blue Farms, Grow Blue Farms Hourly, and Grow Blue Farms Salary, (collectively "Defendant enterprise", or "all six corporate Defendants" or "Defendants"), are registered and operate out of the 14786 Winans address with overlapping officers and shared benefit and risk associated with the harvest and sale of blueberries. .

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit they formerly were registered to 1478 Winans St., West Olive, Michigan, 49460. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation in this Paragraph.

**COMPLAINT ¶40:**

Defendants, save for Defendant Grow Blue Farms, are all Michigan for-profit corporations, and all six corporate defendants are qualified to operate in Michigan.

18

**ANSWER:**

Defendants First Pick Farms admits that both formerly were Michigan for-profit corporations qualified to operate in Michigan.

On information and belief, Defendants First Pick Farms and Grow Blue Farms admit that First Pick Farms Management, LLC and HB Hive, LLC are Michigan for-profit corporations were or are qualified to operate in Michigan.

**COMPLAINT ¶41:**

Defendant Grow Blue Farms is a Delaware corporation qualified to operate in Michigan.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that Grow Blue Farms formerly was a Delaware corporation qualified to operate in Michigan. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation in the Paragraph.

**COMPLAINT ¶42:**

Defendants First Pick Farms, Grow Blue Farms Hourly, and Grow Blue Farms Salary are all wholly owned subsidiaries of Grow Blue Farms.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that First Pick Farms is a wholly owned subsidiary of Grow Blue Farms. The Court dismissed all claims against Defendant Grow Blue Farms Hourly, LLC (ECF No. 84), and no response is required.

19

**COMPLAINT ¶43:**

All six corporate Defendants operate and benefit financially from blueberry farm operations at 14786 Winans St., West Olive, Michigan, 49460 where they produce fresh and frozen blueberries.

**ANSWER:**

Defendant Grow Blue Farms admits that it formerly was  responsible for blueberry farm operations at 14786 Winans St., West Olive, Michigan, 49460, including fresh and frozen blueberries. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶44:**

Defendant Grow Blue Farms owns, operates, controls and/or contracts for migrant housing in Van Buren, Oceana, Berrien, Kent, and Ottawa counties in Michigan for its workforce for the benefit of the Defendant Enterprise.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that Grow Blue Farms formerly leased housing used by certain workers. Defendants First Pick Farms and Grow Blue Farms also admit that said housing formerly was been leased in Van Buren and Berrien counties, and on information and belief, in Oceana and Ottawa counties, on or after 2017.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶45:**

Defendants share the same officers and directors, including Registered Agent Jennifer Crawford and President Scott Nagelvoort.

20

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that Scott Nagelvoort formerly served as President and Jennifer Crawford as Registered Agent for those entities.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶46:**

All six corporate Defendants are a single employer under the AWPA as they are an integrated enterprise.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶47:**

Defendant Enterprise authorized its agents and employees, including Sanchez, to house incoming work crews.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶48:**

Defendant Enterprise housed Plaintiffs at 1941 Cleveland Ave.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶49:**

At all times relevant to this Complaint, Defendant Enterprise was the employer of Plaintiffs under the AWPA, 29 U.S.C. § 1802(5), which determined the terms and conditions of Plaintiffs' employment, including their work hours, schedules, manner of performance, timekeeping, and housing, among other essential functions of an employer.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶50:**

Specifically, at all relevant times, Defendant Enterprise's employees regularly and recurrently handled or otherwise worked on goods, moved in or produced for commerce, including but not limited to harvesting blueberries for sale. In addition, Defendant Enterprise's annual gross volume of sales or business was not less than five hundred thousand dollars ($500,000.00).

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶51:**

At all times relevant to this action, Defendant Enterprise was the agricultural employers under AWPA, 29 U.S.C. § 1802(2), in that it owned or operated a farm,

packing shed and/or nursery, and hired and employed the Plaintiffs and others as migrant or seasonal agricultural workers.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

## FACTUAL ALLEGATIONS

### Trafficking

**A.    Recruitment and Trafficking**

**COMPLAINT ¶52:**

Plaintiffs were H-2A agricultural workers from Mexico working on a farm in North Carolina prior to the blueberry season of 2017. In North Carolina, Plaintiffs lived in free housing that was inspected and compliant with applicable standards. They earned a guaranteed contract wage for their hours worked and would have had the expense of return transportation to Mexico paid upon completion of their contract, which would have lasted several more months.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in

this Paragraph.

**COMPLAINT ¶53:**

After Plaintiffs had been working on a farm in North Carolina for a few weeks, Sanchez, working as Defendant Enterprise's agent and employee, woke the Plaintiffs and approximately thirty other H-2A workers at night to take their photographs.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation in this Paragraph.

**COMPLAINT ¶54:**

Plaintiffs and several other H-2A workers were told by Defendant Enterprise's agent and employee, Sanchez, that they would be taken to another farm to continue agricultural work in Michigan.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchezany relationship with Sanchez. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding what Plaintiffs were or were not told by Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation in this Paragraph.

**COMPLAINT ¶55:**

Plaintiffs were given only two to three hours warning by Sanchez of the need to pack their belongings and board the vans to begin the trip to Michigan.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchezany relationship with Sanchez. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation in this Paragraph.

**COMPLAINT ¶56:**

Defendant Enterprise expected Sanchez and other field managers to deliver workers to them in Michigan during the 2017 season as they had in prior seasons.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶57:**

Sanchez worked as an employee of Defendant Enterprise wherein he recruited, transported, provided housing for, and supervised the Plaintiffs during the 2017 blueberry season at Defendant Enterprise's blueberry operation.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶58:**

Defendant Enterprise, through its agent and employee, Sanchez, repeatedly threatened Plaintiffs and the other H-2A workers with calls to immigration

authorities if they complained to anyone regarding being transported to Michigan to work.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶59:**

Soon thereafter, Sanchez rounded up the individuals who he had photographed, including the Plaintiffs and required them to board vans. He then gave them false identification that had their respective photographs and false identification information, and then told them that they were being relocated to a farm in Michigan where they would use the identity documents that he provided to them.

**ANSWER:**

First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶60:**

Plaintiffs were forced to board buses and then were driven to West Olive, Michigan by Antonio Sanchez where they would work for the Defendant Enterprise.

26

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶61:**

Plaintiffs and other H-2A workers were then given false identification while on the buses.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶62:**

Sanchez gave Plaintiff Guzman false identification documents with the name "Saul Chabez".

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this

Paragraph. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶63:**

Sanchez gave Plaintiff Velazco false identification documents with the name "Juan Guzman."

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶64:**

Plaintiffs were fearful of Sanchez which is why they boarded the buses and used the false documents.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

28

**COMPLAINT ¶65:**

Sanchez, acting directly in a venture with Defendant Enterprise, orchestrated the transportation of the Plaintiffs and the other individuals to Michigan while also charging them for the transportation costs along the way.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶66:**

Sanchez told the workers prior or during the trip to Michigan that he would charge the workers for the costs of transporting them from North Carolina to Michigan which included the costs of the false identification imposed on the Plaintiffs and other trafficked workers, approximately one hundred and ten dollars ($110.00) each, as well as charges purportedly for trip fuel costs for each passenger in the amount of twenty-five dollars ($25.00) each per refueling stop, of which there were ten stops.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of

Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶67:**

Plaintiffs and other workers were forced to repay Sanchez for the debt imposed by the aforementioned costs with their own money and labor.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶68:**

When Plaintiffs, the other H-2A workers, and Sanchez arrived in Michigan, Sanchez took them to a house located at 1941 Cleveland Ave., and informed the workers that this is where they would reside for the duration of the 2017 blueberry season.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of

Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶69:**

Plaintiffs resided at the Cleveland Ave. housing with approximately thirty workers in total.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶70:**

Defendant Enterprise held control over the house at 1941 Cleveland Ave., where the Plaintiffs resided at all relevant times in Michigan. This housing was unfurnished with fewer than 1,500 square feet of floor space, which was insufficient space for the approximately thirty workers that resided there for the relevant time period.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶71:**

Defendant Enterprise relied upon and benefited from the work of Harvest Manager, Scott Walker, regularly inspected housing where their migrant workforce resided, including the housing provided to Plaintiffs.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶72:**

On its premises in Michigan, Defendant Enterprise processed Plaintiffs' employment paperwork using the false identification provided to them by Sanchez.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs and denying processing paperwork related to Plaintiffs. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶73:**

Defendant Enterprise employed and directed Sanchez, and relied upon Sanchez, to hire and transport part of its workforce in Michigan in 2017 as they had in prior years.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing or directing Antonio Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶74:**

Defendant Enterprise knowingly trafficked the Plaintiffs through the use of force, fraud, and/or coercion for the purpose of bringing a work crew to Defendants' blueberry farm through the direct acts of its employee and agent, Sanchez.

32

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**B.     Defendants' Involvement in the Labor Trafficking**

**COMPLAINT ¶75:**

Defendant Enterprise hired and employed Sanchez during the 2017
blueberry season to act as field supervisor as they had done in previous seasons.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶76:**

Defendant Enterprise also employed Sanchez to act as a recruiter.
Defendants knew or should have known about Sanchez' history of labor violations
for which he was sanctioned by federal authorities prior to the 2017 growing
season but employed him to act as a recruiter and a field supervisor.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶77:**

Defendant Enterprise paid Sanchez directly from company payroll as an
employee in the same manner as it paid the Plaintiffs.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶78:**

As an agent and employee of Defendant Enterprise, Sanchez's actions as an agricultural recruiter and field supervisor were provided for the direct benefit of all six corporate Defendants' business operations.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchezany relationship with Sanchez, including as an agent. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶79:**

Defendant Enterprise communicated with or had a standing agreement for the employment of Sanchez such that he would provide some number of agricultural workers to work in Michigan for Defendants for the 2017 blueberry season.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶80:**

Defendant Enterprise hired and employed various supervisory individuals, including Sanchez, with the expectation that they would bring work crews as per their respective working arrangements.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶81:**

Defendant Enterprise controlled all aspects of the work of Sanchez, Plaintiffs, and other workers, including wages, hours, and discipline.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶82:**

Defendant Enterprise supplied all tools used to complete work, including buckets and scales, for Plaintiffs and Sanchez.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶83:**

Defendant Enterprise, as part of the hiring process for the 2017 blueberry season, required new workers, including the Plaintiffs, to fill out forms to verify their ability to work in the United States which used the false identities provided by Sanchez.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶84:**

Plaintiffs believed that through the acts of Sanchez, e.g. transporting them to Michigan; putting them in housing while working for Defendants' blueberry operation; ensuring that they were enrolled in the company payroll system, and supervising them while they worked during the 2017 blueberry season, that Sanchez was an agent of the six corporate Defendants.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph related to Plaintiffs' beliefs. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation in this Paragraph.

**C.    Method of Control, Form of Threats, and Abuse**

**COMPLAINT ¶85:**

Upon arriving in Michigan, Sanchez threatened the Plaintiffs and other workers by saying that the immigration authorities would be alerted if any workers raised any complaints.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶86:**

Sanchez repeated similar threats throughout the work season: that he would alert immigration authorities to the Plaintiffs' whereabouts and the use of false identification if the Plaintiffs complained about their working conditions.

36

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶87:**

Due to being compelled to accept and use the false identifying documentation after being transported away from their previous H-2A employer in North Carolina, thereby violating the terms of their H-2A visa and immigration status, the Plaintiffs were fearful of the legal repercussions if immigration authorities were called against them.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny compelling Plaintiffs to use false identifying documentation. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph that Plaintiffs used false identifying documentation, were transported from their previous H-2A employer in North Carolina, violated the terms of their H-2A visa and immigration status, or were fearful of the legal repercussions if immigration authorities were called against them. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶88:**

Defendant Enterprise's agent, Sanchez, instructed Plaintiffs to use the false identifications imposed on the Plaintiffs in filling out the paperwork to begin their employment for Defendants.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶89:**

Defendant Enterprise reviewed and approved the employment documentation completed with the false identification documents imposed on the Plaintiffs by Sanchez and enrolled Plaintiffs in its company records under false aliases.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶90:**

Defendant Enterprise compelled Plaintiffs to work as much as twelve hours per day, seven days per week under brutal conditions while repaying Sanchez for the debt that he had imposed on them for transportation from North Carolina.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶91:**

Defendant Enterprise's agent, Sanchez, monitored Plaintiffs and the other workers to ensure that they did not divulge the details of the trafficking scheme including their true identities. This kept the Plaintiffs and other workers residing in the same overcrowded house while isolated and controlled by the Defendant Enterprise.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of

any relationship with Sanchez, including as an agent or employee. First Pick Farms

and Grow Blue Farms lack knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations in this Paragraph regarding the conduct of

Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every

remaining allegation of this Paragraph.

**D.    Financial Gain**

**COMPLAINT ¶92:**

Defendant Enterprise, through the human trafficking initiated by its agent and employee, Sanchez, obtained a labor force for the picking of the blueberry harvest for its pecuniary gain.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶93:**

Defendant Enterprise, by securing a larger workforce, were able to more quickly and effectively pick crops and move them into the stream of commerce to its direct economic benefit.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶94:**

Defendant Enterprise, through Sanchez, deducted rent from Plaintiffs' wages for substandard housing which was of benefit to the employer.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of

any relationship with Sanchez, including as an agent or employee. First Pick Farms

and Grow Blue Farms lack knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations in this Paragraph regarding the conduct of

Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every

remaining allegation of this Paragraph.

**COMPLAINT ¶95:**

Plaintiffs would have been living in free, regulated housing in North Carolina at that time if they had they not been taken by Defendant Enterprise to Michigan.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in

this Paragraph. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

## COMPLAINT ¶96:

Sanchez also charged travel expenses to the workers for transporting them from the employer-provided housing to the fields where they worked for the benefit of the Defendant Enterprise.

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

### Agricultural Employment

## COMPLAINT ¶97:

Agricultural workers have historically been exploited which is why the federal government passed the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) to protect these susceptible groups of workers who travel long distances to pick the fruits and vegetables that form so much of the food supply. 29 U.S.C. 1801, et seq.

## ANSWER:

This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶98:**

The AWPA defines an agricultural employer as "any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed, nursery, or seed production enterprise who recruits, solicits, hires, employs, furnishes, or transports migrant or seasonal agricultural workers." 29 U.S.C. §1802(2).

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms state that the allegations of this Paragraph purport to recite the contents of a statute that speaks for itself. To the extent that the Paragraph mischaracterizes or misconstrues the statute, it is denied.

**COMPLAINT ¶99:**

The AWPA defines a migrant agricultural worker as an individual employed in "agricultural employment" of a seasonal or other temporary nature required to be absent overnight from his or her permanent place of residence. 29 C.F.R. §500.20(h)(3); 29 C.F.R. §500.20(s); 29 C.F.R. §500.20(p)(2).

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms state that the allegations of this Paragraph purport to recite the contents of a regulation that speaks for itself. To the extent that the Paragraph mischaracterizes or misconstrues the regulation, it is denied.

**COMPLAINT ¶100:**

The AWPA defines agricultural employment broadly to include farming in all its branches, including the growing and harvesting of any agricultural or horticultural commodity which are those commodities which use agricultural techniques for cultivation, even if the commodity could be produced without human intervention. 29 C.F.R. 500.20(e).

42

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms state that the allegations of this Paragraph purport to state the contents of a statute that speaks for itself. To the extent that the Paragraph mischaracterizes or misconstrues the statute, it is denied.

**COMPLAINT ¶101:**

During the relevant time periods, Defendant Enterprise has grown and harvested blueberries on its premises.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that their business in 2017 included growing and harvesting blueberries. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶102:**

Defendant Enterprise has directly recruited and hired hundreds of workers each growing season and used its own employees to assist them to recruit, transport, and hire workers in order to grow and harvest crops on its West Olive, Michigan farm.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶103:**

Defendant Enterprise employed workers for whom they provided or contracted for provision of nearby housing.

**ANSWER:**

Defendant First Pick Farms denies each and every allegation of this Paragraph.

Defendant Grow Blue Farms admits that it leased housing used by some workers on or after 2017. Grow Blue Farms denies each and every remaining allegation of this Paragraph.

**COMPLAINT ¶104:**

Defendant Enterprise hired Sanchez as a field supervisor during the 2017 blueberry season. Defendants hired Sanchez in prior years to provide a crew for previous blueberry seasons.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶105:**

Sanchez had no authority to negotiate the terms of his own employment contract nor the contracts of his crew.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

44

**COMPLAINT ¶106:**

While Plaintiffs were lawfully working as H-2A workers at another farm in North Carolina, Sanchez ordered and transported Plaintiffs along with other workers to Michigan to pick blueberries.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶107:**

After preparing false identification for Plaintiffs, Sanchez drove Plaintiffs and thirty other H-2A workers from North Carolina to Michigan to work for Defendants.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶108:**

Plaintiffs were, at no time prior to their arrival in Michigan, provided with any written disclosures or documentation about the new job they would be compelled to perform in Michigan.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶109:**

Prior arrival in Michigan, Plaintiffs along with the other workers were promised simply a job that was better paying compared to the job that they were being taken from and that they would be picking blueberries. No other details about the job, duties or obligations were provided before the Plaintiffs actually began working for Defendant Enterprise's blueberry operation.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding what Plaintiffs were or were not told. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶110:**

Upon arriving in Michigan, Sanchez told Plaintiffs and other workers that they would be placed in a house located at 1941 Cleveland Ave. and told them that they would each have to pay rent in the amount of twenty dollars ($20.00) per week.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶111:**

Plaintiffs lived in that residential home with over thirty workers, all sharing living space as provided by Sanchez, which was done on behalf of employees to house Defendant Enterprise's workforce.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee, and deny providing housing to Plaintiffs. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez or Plaintiffs' living arrangements. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶112:**

At no point during their time living at 1941 Cleveland Ave., did the Plaintiffs see any signs or written notifications about the occupancy limits of their living quarters.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding Plaintiffs' living arrangements. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶113:**

Plaintiffs were not provided with any alternative housing options.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding Plaintiffs' living arrangements. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶114:**

Housing provided to Plaintiffs had fewer than 1,500 square feet of floor space and lacked any beds or other furnishings for the more than thirty migrant workers who resided there. Two women workers were given a bedroom to share while the remaining workers had to spread out throughout the rest of the house with no other option but to sleep on the floor. The house only contained one single toilet bathroom and one kitchen for the more than thirty workers to share. The bathroom could only accommodate one person at a time. The kitchen was modest in size and did not have the capacity for so many workers to have meaningful access to it.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny providing housing to Plaintiffs. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding Plaintiffs' living arrangements. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶115:**

Defendant Enterprise failed to provide adequate housing to its migrant blueberry workers when it placed the Plaintiffs and other workers in an unfurnished, dilapidated, and overcrowded house wherein the approximately thirty migrant workers had to sleep on the floor; had to share one toilet; had to share one kitchen area; had less than fifty square feet of floor space per person for sleeping purposes; and had fewer than 100 square feet of floor space per person of living space.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny providing housing to Plaintiffs. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding Plaintiffs' living arrangements. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶116:**

This housing had not been certified by the Michigan Department of Agriculture and Rural Development ("MDARD") that it met Federal and State health and safety standards by the appropriate federal, state, or local agency, as required for use by migrant agricultural workers. Plaintiffs did not see a posting of a certificate of compliance with Federal and State health and safety standards and no such posting was provided. Plaintiffs did not see a posting at the housing site with a statement showing the terms and conditions of occupancy and no such posting was provided.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny providing housing to Plaintiffs. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding Plaintiffs' living arrangements. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶117:**

Prior to Plaintiffs' commencement of work at Defendants' blueberry farm, Defendant Enterprise required Plaintiffs and other trafficked former H-2A workers to fill out paperwork using their fake documentation as issued by Defendants' agent employee, Sanchez. The day after arriving in Michigan, the thirty trafficked workers were taken to an office or warehouse space on the Defendants' property where Defendants' secretarial or administrative staff called up workers one at a time and asked the workers for their identification to fill out the employment paperwork. This employment paperwork was reviewed by Defendants' secretarial or administrative staff.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph concerning Plaintiffs' paperwork and fake documentation, or any process for submitting or reviewing employment paperwork. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶118:**

For some workers, the Defendants initially rejected their identifications, and those workers, who were told that they could provide different identification, went to Sanchez— who was standing outside of the office space, who provided alternate identification information to re-present to Defendant Enterprise which were then accepted.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶119:**

Defendant Enterprise failed to provide the required written disclosures regarding employment and housing conditions to Plaintiffs prior to transporting Plaintiffs and prior to the beginning of the 2017 blueberry season.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶120:**

Sanchez coordinated with other employees of Defendants, including "Miguel" and "Pablo," for instructions to manage Plaintiffs' work in detail, including specific work locations, work schedule, and daily work review.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Sanchez, "Miguel," or "Pablo." Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶121:**

Defendant Enterprise made all decisions related to Plaintiffs' blueberry job assignments, which included what location, crop, and rows they would be assigned to work in, and what specific tasks they would be assigned to complete.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶122:**

Defendant Enterprise provided all equipment, such as buckets for the workers, bins for the weighed blueberries, and weigh stations.

52

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶123:**

Defendant Enterprise assigned Plaintiffs and the other blueberry workers their work schedules including controlling their starting and stop times.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶124:**

Defendant Enterprise tracked the quantity of blueberries each Plaintiff picked by weight which is reflected in their wage statements.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶125:**

Defendant Enterprise set and enforced production standards for Plaintiffs and blueberry workers and tracked each Plaintiffs' piece rate for all crop-related tasks.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶126:**

The work performed by Plaintiffs was repetitive and did not require a special set of skills or training.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶127:**

At no time during the 2017 blueberry season did the Plaintiffs see any signage or written notices stating that agricultural workers have rights in any areas where they worked.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph. Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶128:**

Plaintiff Luis Guzman was also assigned by Defendant Enterprise to be one of the drivers that would transport some of the about thirty other workers co-habiting at the employer provided housing located at 1941 Cleveland Ave. to the work site. Plaintiff Guzman did not have a United States driver's license during the 2017 blueberry season but was compelled to drive as part of his work assignment. Plaintiff Guzman was not paid for driving his co-workers to the worksite.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiff Luis Guzman. Defendants First Pick Farms and Grow Blue Farms deny housing Plaintiff Luis Guzman or other workers at 1941 Cleveland Avenue, Wyoming, Michigan. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this Paragraph that Plaintiff Guzman did not have a United States driver's license. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶129:**

Defendant Enterprise failed to provide transportation for the Plaintiffs and other workers that met federal safety standards to get from their employer-provided housing to the work site because Defendants did not ensure that each driver had a valid driver's license for the type of vehicle to be driven, 29 U.S.C. 1841(b)(1)(B); 29 C.F.R. 500.100. In addition, Plaintiffs and other workers were unlawfully charged for gas and transportation expenses.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing,

housing, or charging gas and transportation expenses to Plaintiffs and other

workers in 2017. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

## COMPLAINT ¶130:

Defendant Enterprise administered payroll with paystubs marked with "HB Hive and Company, LLC."

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

## COMPLAINT ¶131:

Defendant Enterprise also providing Plaintiffs with daily piece rate scale receipts marked "First Pick Farms."

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

## COMPLAINT ¶132:

Defendant Enterprise failed to include the number of hours worked by each Plaintiff in each paystub as required under the AWPA (29 C.F.R. §500.80(a)(3)). Defendant Enterprise further failed to itemize deductions including but not limited to payments for transportation costs.

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny employing or paying Plaintiffs. This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶133:**

Defendant Enterprise failed to provide accurate records for wages paid to the Plaintiffs and the other blueberry workers as required under the AWPA (29 C.F.R. §500.80(d)).

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing or paying Plaintiffs. This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶134:**

Defendant Enterprise failed to provide notifications about workplace safety or worker rights at the locations where Plaintiffs were tasked with working as required under AWPA. (29 C.F.R. §500.135(a)(3)).

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs. This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶135:**

Defendant Enterprise used threats to prevent Plaintiffs from leaving the housing or work site and instructed Plaintiffs who they could and could not speak to, e.g. male workers were not to speak to or co-mingle with female workers.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation in this Paragraph.

**COMPLAINT ¶136:**

Following the 2017 blueberry season, during or near the month of September 2017, Defendants transported Plaintiffs and other workers back to North Carolina where the workers finally managed to escape employer control.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

## COUNT I

### Violations of the TVPA – Forced Labor Against All Defendants

### (18 U.S.C. §§1589)

**COMPLAINT ¶137:**

Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate each and every answer set forth above as if fully set forth herein.

**COMPLAINT ¶138:**

Congress passed the Victims of Trafficking and Violence Protection Act in 2000 ("TVPA"). Pub. L. No. 106-386, 114 Stat. 1466 (2000) (codified as amendment in Title 22, Chapter 78, and Title 18, Chapter 77, of the U.S. Code.) The TVPA has been reauthorized several times in the years since. Through its text and legislative history, Congress  demonstrated a strong intent to provide a means

of recovery for victims of labor exploitation by allowing them to pursue civil actions for human trafficking violations.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶139:**

The Trafficking Victim Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1590, et seq., criminalizes labor trafficking, e.g. peonage, slavery, involuntary servitude, or forced labor. Separately §1595 of the TVPRA provides victims of labor trafficking with civil remedies against the perpetrators of human labor trafficking and also against the beneficiaries of labor trafficking. See 18 U.S.C. § 1595(a).

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶140:**

18 U.S.C. § 1595(a) sets the standard for civil liability under the TVPRA. That section provides:

An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially, or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys' fees.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶141:**

Under the 2003 version of the 18 U.S.C. § 1595(a), only those criminally liable under 1590 could be held civilly liable under 1595. However, in 2008, U.S.C. § 1595(a) was intentionally amended with substantially different language that created a category of defendants that could be held liable civilly even in the absence of criminal culpability. By amending 18 U.S.C. § 1595(a) in 2008, Congress required "whoever," (i.e. all businesses), to comply with the new law or face new civil liability. 18 U.S.C. § 1595(a). This amendment to the country's systemic human trafficking legislation necessitated an evolution from the business and commercial sector which for decades have enabled, empowered, harbored, held, facilitated, benefitted from financially or otherwise, and/or any combination of the foregoing from labor trafficking.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶142:**

Under the TVPRA and the TVPA, any individuals and/or entities are also civilly liable for a labor trafficking victim's damage if they: "(1) knowingly benefitted; (2) from participating in a venture; (3) that they knew or should have known engaged in forced labor." 18 U.S.C. § 1595(a).

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶143:**

It is a violation of the TVPA to "knowingly provide or obtain the labor or services of a person... by means of serious harm threats of serious harm...; by means of the abuse of threatened abuse of the law or legal process; or by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm..." 18 U.S.C. § 1589(a)

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶144:**

The TVPA defines "serious harm" to include nonphysical harm, "including psychological, financial, or reputational harm, that is sufficiently serious... to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services to avoid incurring that harm. 18 U.S.C. 1589(c)(2).

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶145:**

Defendant Enterprise, through its employees including its field supervisor Sanchez, knowingly and purposely obtained the labor of Plaintiffs by threats of abuse of the legal process and restraint against the Plaintiffs and other persons.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶146:**

Defendant Enterprise through its employees knowingly provided and/or obtained Plaintiffs' labor and services by means of a scheme, plan, or pattern intended to cause Plaintiffs to believe that if they did not perform such labor or services, Plaintiffs would suffer legal consequences, harm, or physical restraint.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶147:**

Defendant Enterprise compelled Plaintiffs to work the blueberry fields for exorbitant hours by threatening abuse of the legal process. Defendant Enterprise exploited the Plaintiffs' vulnerability and directed, assisted, conspired, or acted in concert with each other to create and perpetuate a system of peonage and forced labor prohibited by 18 U.S.C. §1590.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶148:**

Defendant Enterprise, through its employees, used threats of abusing the legal process, threatened to call immigration authorities if Plaintiffs complained about the working conditions, which was a pattern of threats and abuse to cause Plaintiffs to believe that failure to obey would cause Plaintiffs and/or their families back in Mexico to suffer serious harm.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of

any relationship with Sanchezany relationship with Sanchez, including as an agent

or employee. Defendants First Pick Farms and Grow Blue Farms deny each and

every remaining allegation of this Paragraph.

**COMPLAINT ¶149:**

Plaintiffs suffered and continue to suffer emotional distress and financial distress due to Defendants' coercive and fraudulent tactics resulting in their forced labor and trafficking.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶150:**

Plaintiffs are entitled to an award of compensatory and punitive damages, in an amount to be determined at trial, as well as reasonable attorneys' fees, and costs for the wrongful conduct of Defendants.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation

of this Paragraph.

## COUNT II

### Violations of the TVPA – Forced Labor Against All Defendants

### (18 U.S.C. §§1589(b))

**COMPLAINT ¶151:**

Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:**

The Court dismissed Plaintiffs' Count II as to all Defendants (ECF No. 84),

and no response is required.

**COMPLAINT ¶152:**

It is a violation of the TVPA to "knowingly benefit" from participation in a venture which obtains labor in violation of the TVPA, while "knowing or in reckless disregard of the fact" that the venture has obtained labor through such means. 18 U.S.C. 1589(b)

**ANSWER:**

The Court dismissed Plaintiffs' Count II as to all Defendants (ECF No. 84),

and no response is required.

**COMPLAINT ¶153:**

Defendant Enterprise knew or was reckless in not knowing that their employee and field supervisor, Sanchez, had used coerced transportation and threats of abuse of the legal system, physical harm, and restraint to traffic the Plaintiffs and other workers on Sanchez's crew to cause Plaintiffs to provide labor and services at Defendants' blueberry farm. This conduct kept the Plaintiffs controlled and overseen creating an air of fear.

**ANSWER:**

The Court dismissed Plaintiffs' Count II as to all Defendants (ECF No. 84),

and no response is required.

**COMPLAINT ¶154:**

Defendant Enterprise, through its employees, benefitted financially from the forced labor provided by Plaintiffs in working Defendant Enterprise's blueberry farms.

**ANSWER:**

The Court dismissed Plaintiffs' Count II as to all Defendants (ECF No. 84),

and no response is required.

**COMPLAINT ¶155:**

Plaintiffs suffered injuries and damages as a result of Defendant Enterprise's actions.

**ANSWER:**

The Court dismissed Plaintiffs' Count II as to all Defendants (ECF No. 84),

and no response is required.

**COMPLAINT ¶156:**

Plaintiffs are entitled to an award of compensatory and punitive damages, in an amount to be determined at trial, as well as reasonable attorneys' fees, and costs for the wrongful conduct of all six corporate Defendants.

**ANSWER:**

The Court dismissed Plaintiffs' Count II as to all Defendants (ECF No. 84),

and no response is required.

## COUNT III

## Violations of the TVPA – Forced Labor Against All Defendants

## (18 U.S.C. §§1590(a))

**COMPLAINT ¶157:**

Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate each and every answer set forth above as if fully set forth herein.

**COMPLAINT ¶158:**

It is a violation of the TVPA to "knowingly, recruit, transport, provide, or obtain by any means, any person for labor or services in violation of" the TVPA.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶159:**

Defendant Enterprise knowingly and purposefully recruited the Plaintiffs as described herein, in violation of the TVPA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶160:**

Defendant Enterprise knowingly and purposefully transported Plaintiffs in violation of the TVPA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶161:**

Defendant Enterprise, through its agent/employee, Sanchez, when he transported the Plaintiffs along with approximately twenty-eight other individuals from North Carolina to Michigan to work at Defendants' blueberry operation.

**ANSWER:**


**COMPLAINT ¶162:**

Defendant Enterprise knowingly and purposefully provided the labor of Plaintiffs as described herein, in violation of the TVPA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶163:**

Defendant Enterprise, through its agent/employee, Sanchez, knowingly provided the Plaintiffs and others to serve as Defendants' workforce on its blueberry farms.

**ANSWER:**

**COMPLAINT ¶164:**

Defendant Enterprise knowingly and purposefully obtained the labor of Plaintiffs as described herein, in violation of the TVPA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶165:**

Defendant Enterprise, through its agent/employee, Sanchez, knowingly obtained the Plaintiffs and others to pick blueberries on its farms during the 2017 blueberry season.

**ANSWER:**


**COMPLAINT ¶166:**

Plaintiffs suffered damages as a direct and proximate result of the Defendants' conduct. These damages include, but are not limited to, loss of future earnings related to their forced withdrawal from the H-2A hiring system, as well as emotional distress damages.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶167:**

Plaintiffs are entitled to compensatory and punitive damages and restitution in amounts to be determined at trial, together with reasonable attorneys' fees and costs of this action.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

## COUNT IV

### Violations of the TVPA – Forced Labor Against All Defendants

### (18 U.S.C. §§1594(a))

**COMPLAINT ¶168:**

Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate

each and every answer set forth above as if fully set forth herein.

**COMPLAINT ¶169:**

Attempts to violate the TVPA are themselves violations of the TVPA. 18 U.S.C. 1594(a).

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required,

**COMPLAINT ¶170:**

All six corporate Defendants attempted to violate 18 U.S.C. 1589 and 1590 described herein.

69

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶171:**

All six corporate Defendants knew or should have known that Plaintiffs were transported from out of state, were provided false identification, housed in deplorable conditions, and subject to forced labor without safe alternatives.

**ANSWER:**


**COMPLAINT ¶172:**

Plaintiffs suffered damages as a direct and proximate result of Defendant Enterprise's conduct, e.g. hiring known recruiters such as Sanchez to bring workers to Michigan. These damages include, but are not limited to, loss of future earnings related to their forced withdrawal from the H-2A hiring system, as well as emotional distress damages.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶173:**

Plaintiffs are entitled to compensatory and punitive damages and restitution in amounts to be determined at trial, together with reasonable attorneys' fees and the costs of this action.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

## COUNT V

## Violations of the AWPA - Misrepresentation of terms and conditions

## 29 U.S.C. §1821(f)

### COMPLAINT ¶174:

Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

### ANSWER:

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate each and every answer set forth above as if fully set forth herein.

### COMPLAINT ¶175:

At all times relevant to this Complaint, all six corporate Defendants have constituted "agricultural employers" within the meaning of the AWPA. See 29 U.S.C. § 1802(2), and jointly employed Plaintiffs in a unified business operation that acted as a single enterprise.

### ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

### COMPLAINT ¶176:

At all times relevant to this Complaint, Plaintiffs have been "migrant agricultural worker[s]" within the meaning of 29 U.S.C. § 1802(8) and employed for the benefit of all six corporate Defendants.

### ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in

71

this Paragraph that, at all times relevant to this Complaint, Plaintiffs have been

"migrant agricultural worker[s]" within the meaning of 29 U.S.C. § 1802(8).

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

## COMPLAINT ¶177:

The AWPA creates a private right of action for any person aggrieved by a
violation. 29 U.S.C. § 1854(a).

## ANSWER:

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

## COMPLAINT ¶178:

Defendant Enterprise violated the AWPA, 29 U.S.C. 1821(f), by failing to
provide information as well as providing false and misleading information to
Plaintiffs concerning the terms, conditions, or existence of agricultural
employment required to be disclosed.

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

## COMPLAINT ¶179:

When Plaintiffs were forcibly transported from North Carolina to work for
the benefit of the Defendant Enterprise's blueberry farms, Defendant Enterprise
failed to give information regarding the basis for their wages, piecework basis,
numbers of hours to be worked, and withholdings.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this Paragraph that Plaintiffs were transported from North Carolina.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶180:**

Defendant Enterprise omitted the information required to be disclosed by the AWPA to migrant agricultural workers like the Plaintiffs and this omission was tantamount to a misrepresentation of the required disclosures.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶181:**

Plaintiffs have attempted to resolve this issue with Defendants by sending a demand letter to the address listed in Defendants' corporate filings on March 15, 2023, but have been unsuccessful to date.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that Plaintiffs sent a demand letter dated March 15, 2023 but deny that the letter was an attempt to resolve the issues raised in the Complaint.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

## COUNT VI

## Violations of the AWPA – Written Disclosures Requirement

## 29 U.S.C. §1821(a)(1-7)4

**COMPLAINT ¶182:**

Plaintiffs, who were or are migrants under the AWPA reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate each and every answer set forth above as if fully set forth herein. This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶183:**

Defendant Enterprise recruited Plaintiffs by force, fraud, and coercion, through its agent employee, Antonio Sanchez prior to each Plaintiff's commencement of work for Defendants.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny recruiting Plaintiffs or that Plaintiffs commenced work for Defendants. Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchezany relationship with Sanchez, including as an agent or employee. Defendants First

Pick Farms and Grow Blue Farms deny each and every remaining allegation of this

Paragraph.

## COMPLAINT ¶184:

Prior to transporting Plaintiffs from North Carolina to Michigan, Defendant Enterprise's agent employee, Sanchez, provided only limited and vague oral information on their destination: Michigan; and only limited description of the types of crops the Plaintiffs would be picking: blueberries. No written disclosures were provided prior to Plaintiffs being taken to Michigan.

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny each and every

remaining allegation of this Paragraph.

## COMPLAINT ¶185:

Pursuant to 29 U.S.C. § 1821, Defendant Enterprise was required to provide written disclosures to Plaintiffs at the time of their recruitment, containing certain specific information about the conditions of their employment, including but not limited to the place of employment, the crops and types of activities that the worker will be employed on, the wage rate to be paid, the period of employment, and the entity to be informed if the worker suffers an on-the-job injury.

## ANSWER:

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

## COMPLAINT ¶186:

At all times relevant to this Complaint, Defendant Enterprise failed to provide Plaintiffs with the written disclosures required by Section 1821 of the AWPA, either independently by themselves or through their agent employee.

75

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶187:**

Plaintiffs have been harmed by Defendant Enterprise's failure to act in this respect, as they have not been provided with the appropriate information necessary to ascertain whether they have been paid all the wages they have earned or to redress their underpayment of wages.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶188:**

Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶189:**

Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

The remaining allegations purport to recite the contents of statutes that speak for

themselves. To the extent that the allegations mischaracterize or misconstrue, they are denied.

**COMPLAINT ¶190:**

Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COUNT VII**

**Violations of the AWPA – Violations of the recordkeeping requirements**

**29 U.S.C. §1821(d)**

**COMPLAINT ¶191:**

Plaintiffs, who were or are migrant under the AWPA, reallege the above paragraphs as though set forth fully herein.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate each and every answer set forth above as if fully set forth herein. This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶192:**

Pursuant to AWPA section 1821(d), each farm labor contractor, agricultural employer, and agricultural association which employs any migrant agricultural

worker shall, with respect to each worker, make, keep, and preserve records for three years of the following information: basis on which wages are paid; number of piecework units earned; the number of hours worked; the total pay period earnings; the specific sums withheld and purpose of those withholdings; and net pay, and provide each worker for each pay period an itemized written statement of the information required. 29 U.S.C. § 1821(d).

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶193:**

Defendant Enterprise issued Plaintiffs paystubs and maintained pay records that do not include an accurate hourly rate as obligated by the Act.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶194:**

Defendant Enterprise violated 29 U.S.C. 1821(d) by failing to provide recordkeeping with regard to the hours worked by migrant agricultural workers such as the Plaintiffs.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶195:**

Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶196:**

Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

The remaining allegations purport to recite the contents of statutes that speak for

themselves. To the extent that the allegations mischaracterize or misconstrue, they

are denied.

**COMPLAINT ¶197:**

Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COUNT VIII**

**Violations of the AWPA – Violations of the transportation requirements**

**29 U.S.C. §1841(b)(1)(A), §1841(b)(1)(B), and §1841(b)(1)(C)**

**COMPLAINT ¶198:**

Plaintiffs, who were migrant workers under the AWPA, reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate each and every answer set forth above as if fully set forth herein. This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶199:**

Plaintiff Luis Guzman was obligated by Defendant Enterprise's agent employee Sanchez to drive a van to transport workers from their employer provided housing to the worksite and back each day.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchezany relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Antonio Sanchez.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶200:**

Plaintiff Guzman during the 2017 blueberry season did not have a driver's license.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph.

**COMPLAINT ¶201:**

Pursuant to AWPA section 1841(b)(1), each agricultural employer: [w]hen using or causing to be used, any vehicle for providing transportation, shall: ensure that the vehicle conforms to the standards prescribed by the Secretary under paragraph (2) of this subsection and other applicable Federal and State safety standards; ensure that each driver has a valid and appropriate license, as provided by State law, to operate the vehicle; and have an insurance policy or liability bond that is in effect which insures the agricultural employer against liability for damages to persons or property arising from ownership, operation, or causing to be operated, of any vehicle used to transport any migrant or seasonal agricultural worker. 29 U.S.C. § 1841

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶202:**

Defendant Enterprise through its agent employee Sanchez caused a vehicle to be operated to transport Plaintiffs and other workers when it compelled Plaintiff Guzman to drive without a license and failed to provide confirmation of the vehicle safety standards maintenance and insurance.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchezany relationship with Sanchez, including as an agent

81

or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations

in this Paragraph regarding the conduct of Antonio Sanchez.

Defendants First Pick Farms and Grow Blue Farms deny each and every

remaining allegation of this Paragraph.

**COMPLAINT ¶203:**

Plaintiffs suffered actual damages as a result of Defendant Enterprise's
violations of the AWPA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶204:**

Plaintiffs are entitled to statutory or actual damages, whichever is greater, for
each violation of the AWPA.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

The remaining allegations purport to recite the contents of statutes that speak for

themselves. To the extent that the allegations mischaracterize or misconstrue, they

are denied.

**COMPLAINT ¶205:**

Plaintiffs have attempted to resolve this issue with Defendants but have been
unsuccessful to date.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

## COUNT IX

**Violations of the AWPA – Violations of the obligation to pay wages when due**

**29 U.S.C. §1822(a)**

**COMPLAINT ¶206:**

Plaintiffs, who were migrant workers under the AWPA, reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate each and every answer set forth above as if fully set forth herein. This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶207:**

Defendant Enterprise unlawfully took deductions from Plaintiffs' wages for the transportation costs stemming from travel from North Carolina to Michigan; for the false identification that he charged them for; daily fees for purported transportation to and from the seasonal residence to the work sites; for rent of the substandard employer-provided housing in Michigan; and Plaintiff Guzman was not paid for his role as driver for the workers to and from the worksite to the seasonal residence.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing, paying wages, or making deductions from wages of Plaintiffs.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶208:**

Plaintiff Guzman was also tasked with driving a vehicle to transport other workers to the worksite but was unpaid for this job responsibility which was for the benefit of the employer.

**ANSWER:**


**COMPLAINT ¶209:**

Pursuant to the AWPA section 1822(a), each agricultural employer which employs any migrant agricultural worker shall pay the wages owed to such worker when due. 29 U.S.C. § 1822(a).

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶210:**

By making unlawful deductions to Plaintiffs' wages, Defendant Enterprise did not pay the Plaintiffs all wages when due.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶211:**

Plaintiffs suffered actual damages as a result of Defendant Enterprise's
violations of the AWPA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶212:**

Plaintiffs are entitled to statutory or actual damages, whichever is greater, for
each violation of the AWPA.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

The remaining allegations purport to recite the contents of statutes that speak for

themselves. To the extent that the allegations mischaracterize or misconstrue, they

are denied.

**COMPLAINT ¶213:**

Plaintiffs have attempted to resolve this issue with Defendants but have been
unsuccessful to date.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

## COUNT X

## Violations of the AWPA – Violations of housing requirements

## 29 U.S.C. §1823(a), 1823(b)(1)

### COMPLAINT ¶214:

Plaintiffs, who were or are migrant workers under the AWPA, reallege and incorporate the allegations set forth above as if fully set forth herein.

### ANSWER:

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate each and every answer set forth above as if fully set forth herein. This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

### COMPLAINT ¶215:

Defendant Enterprise placed Plaintiffs in a house through agent employee Sanchez when they arrived in Michigan from North Carolina.

### ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchezany relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

in this Paragraph regarding the conduct of Antonio Sanchez or Plaintiffs' housing arrangements.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶216:**

The employer-provided housing was located at 1941 Cleveland Ave.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny employing Plaintiffs or providing housing at 1941 Cleveland Avenue, Wyoming, Michigan.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

**COMPLAINT ¶217:**

Plaintiffs resided with approximately thirty other workers in one house at 1941 Cleveland Ave. The only two female workers brought to Michigan from North Carolina by Defendants' agent employee, Sanchez, had their own room but the remaining thirty other workers, including the Plaintiffs, all had to sleep on the floor throughout the rest of the house because there were no mattresses, cots, bunks, or beds provided. These thirty people had to share one single-toilet bathroom and one kitchen. This housing had fewer than 1,500 square feet of floor space.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of any relationship with Sanchezany relationship with Sanchez, including as an agent or employee. Defendants First Pick Farms and Grow Blue Farms lack knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph regarding the conduct of Antonio Sanchez or Plaintiffs' housing arrangements.

Defendants First Pick Farms and Grow Blue Farms deny each and every remaining allegation of this Paragraph.

## COMPLAINT ¶218:

Pursuant to AWPA Sections 1823(a) and 1823(b)(1), each person who owns or controls a facility or real property which is used as housing for migrant agricultural workers shall be responsible for ensuring that the facility or real property complies with substantive Federal and State safety and health standards applicable to that housing; and that no person who owns or controls any such facility or property shall permit it to be occupied by any migrant agricultural worker unless a copy of the certification of occupancy is posted at the site.

## ANSWER:

This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

## COMPLAINT ¶219:

Plaintiffs were forced to live in substandard, overcrowded, and unsafe housing provided for the economic benefit of the Defendant Enterprise while they worked on its blueberry farm and no occupancy posting or certificate of safety compliance was posted at the site.

## ANSWER:

Defendants First Pick Farms and Grow Blue Farms deny employing or providing housing to Plaintiffs. Defendants First Pick Farms and Grow Blue Farms

lack knowledge or information sufficient to form a belief as to the truth or falsity

of the allegation in this Paragraph regarding Plaintiff's housing arrangements.

Defendants First Pick Farms and Grow Blue Farms deny each and every

remaining allegation of this Paragraph.

**COMPLAINT ¶220:**

Plaintiffs suffered actual damages as a result of Defendant Enterprise's
violations of the AWPA.

**ANSWER:**


**COMPLAINT ¶221:**

Plaintiffs are entitled to statutory or actual damages, whichever is greater, for
each violation of the AWPA.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

The remaining allegations purport to recite the contents of statutes that speak for

themselves. To the extent that the allegations mischaracterize or misconstrue, they

are denied.

**COMPLAINT ¶222:**

Plaintiffs have attempted to resolve this issue with Defendants but have been
unsuccessful to date.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

## COUNT XI

## Violations of the AWPA – Violations of the posting requirements

## 29 U.S.C. §1821(b)

### COMPLAINT ¶223:

Plaintiffs, who were or are migrant workers under the AWPA, reallege and incorporate the allegations set forth above as if fully set forth herein.

### ANSWER:

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate each and every answer set forth above as if fully set forth herein. Defendants First Pick Farms and Grow Blue Farms state that the allegation in this Paragraph that Plaintiffs were migrant workers under the AWPA represents a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

### COMPLAINT ¶224:

The AWPA requires that employers post disclosures of workers' rights under the AWPA in common areas so that they are available to migrant agricultural workers in a language common to workers, or anyone not fluent or literate in English. 29 C.F.R. §500.78.

### ANSWER:

This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶225:**

Defendant Enterprise failed to list or post any notifications regarding workers' rights in any of the locations where Plaintiffs were tasked with job responsibilities, either at the blueberry fields or at the weigh station.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

remaining allegation of this Paragraph.

**COMPLAINT ¶226:**

Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶227:**

Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

The remaining allegations purport to recite the contents of statutes that speak for

themselves. To the extent that the allegations mischaracterize or misconstrue, they

are denied.

**COMPLAINT ¶228:**

Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

## COUNT XII

## Violations of the AWPA – Violations of the working arrangement

## 29 U.S.C. § 1822(c)

**COMPLAINT ¶229:**

Plaintiffs, who were or are migrant workers under the AWPA, reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms reallege and incorporate each and every answer set forth above as if fully set forth herein. This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶230:**

Under the AWPA, no agricultural employer "shall, without justification, violate the terms of any working arrangement made by that contractor, employer, or association" with any migrant or seasonal agricultural worker. 29 U.S.C. § 1822(c); 29 U.S.C. § 1832(c).

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶231:**

The AWPA creates a private right of action for any person aggrieved by a
violation. 29 U.S.C. § 1854(a).

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶232:**

The working arrangement between Plaintiffs and similarly situated persons
and Defendant Enterprise implied that the Defendants would follow federal and
state housing labor codes and standards.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny the existence of a

working arrangement with Plaintiffs.

Defendants First Pick Farms and Grow Blue Farms deny each and every

remaining allegation of this Paragraph.

**COMPLAINT ¶233:**

Pursuant to Michigan Migrant Labor Camp Rules, Defendant Enterprise was
obligated to provide not less than 100 square feet of floor space per individual

residing in the housing units they leased or controlled. Mich Admin. Code R. 325.3615(4)(c)(iii).

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶234:**

Defendant Enterprise violated the Michigan Migrant Labor Camp Rues, and subsequently the AWPA, by housing more than thirty individuals in a house of less than 1,500 square feet. Mich. Admin. Code. R. §325.3615(4)(c)(iii); 29 U.S.C. § 1822(c).

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶235:**

Pursuant to Michigan Administrative Code R. 325.3615(10), Defendant Enterprise was required to provide sufficient bed space consisting of comfortable, rigidly supported beds, cots, or bunks with clean mattresses to Plaintiffs.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶236:**

Defendant Enterprise violated Mich. Admin. Code R. 325.3615(10) and 29 U.S.C. § 1822(c)by requiring Plaintiffs to sleep on the floor of its migrant housing unit without providing a mattress, cot, bunk, or bed.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶237:**

Pursuant to Michigan Migrant Labor Camp Rules, "when, within a shelter, food is prepared and consumed by an individual other than the migratory laborer or the laborer's family members, the size of the facility shall be commensurate to the capacity of the camp." Mich Admin. Code R. 325.3623(3).

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants First Pick Farms and Grow Blue Farms deny the allegations.

**COMPLAINT ¶238:**

Defendant Enterprise violated Mich. Admin. Code R. 325.3623(3) and 29 U.S.C. § 1822(c) by only providing one kitchen for Plaintiffs to share with approximately thirty other individuals which did not permit Plaintiffs to reasonably access or make use of the kitchen facilities.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

**COMPLAINT ¶239:**

Pursuant to Mich Admin Code R 325.3627(2), any entity which leases, owns, or controls migrant housing must provide a toilet or privy seat in the ratio of at least one unit for each fifteen individuals it serves.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required.

To the extent a response is required, Defendants First Pick Farms and Grow Blue

Farms deny the allegations.

**COMPLAINT ¶240:**

Defendant Enterprise violated Mich. Admin. Code R. 325.3627(2) and 29 U.S.C. § 1822(c) by providing only one toilet for the approximately twenty-eight male individuals, including Plaintiffs, in the migrant housing where Plaintiffs were placed.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶241:**

Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every

allegation of this Paragraph.

**COMPLAINT ¶242:**

Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:**

This Paragraph asserts a legal conclusion to which no response is required. The remaining allegations purport to recite the contents of statutes that speak for themselves. To the extent that the allegations mischaracterize or misconstrue, they are denied.

**COMPLAINT ¶243:**

Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:**

Defendants First Pick Farms and Grow Blue Farms deny each and every allegation of this Paragraph.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully demand a jury trial and pray that this Honorable Court:

(a)    Assume jurisdiction over this action;

(b)    Grant Plaintiffs a trial by jury on all such issues so triable;

(c)    Grant declaratory relief that all six corporate Defendants, by the acts or omissions described above, have violated the rights of Plaintiffs;

(d)    Award Plaintiffs all damages available under the TVPA and TVPRA in an amount that is fair, just and reasonable, including but not limited to statutory damages and actual damages for past, present and future medical expenses, wage loss, physical and emotional distress, mental anguish, humiliation and embarrassment, together with but not limited to actual damages, punitive damages and reasonable attorneys' fees and costs for all six corporate Defendants' violations of the TVPA and TVPRA.

97

(e) Award Plaintiffs all damages available under the AWPA in an amount that is fair, just and reasonable, including but not limited to statutory damages and actual damages for past, present and future medical expenses, wage loss, physical and emotional distress, mental anguish, humiliation and embarrassment, together with other actual damages and punitive damages for Defendants' violations of:

a. 29 U.S.C. §1821(f), for misrepresentation of the terms and conditions of employment;

b. 29 U.S.C. §1821(a), for failure to provide required disclosures of the terms and conditions of employment;

c. 29 U.S.C. §1821(d), for failure to comply with recordkeeping requirements;

d. 29 U.S.C. §1841(b), for failure to comply with transportation requirements;

e. 29 U.S.C. §1822(a), for failure to pay wages when due;

f. 29 U.S.C. §§1823(a) and 1823(b) for failure comply with housing requirements;

g. 29 U.S.C. §1821(b) for failure to provide a job site posting; and

h. 29 U.S.C. §1822(c) for violations of the working arrangement.

(f) Grant such other relief as this Court deems equitable, just, and proper.

## **ANSWER:**

Defendants First Pick Farms and Grow Blue Farms admit that Plaintiffs seek the relief described in this Prayer for Relief but deny that Plaintiffs are entitled to any such relief.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff's claims may be barred, in whole or in part, by the statute of limitations or other limitations period.

2.      Plaintiff's claims may be barred, in whole or in part, under the doctrines of waiver, estoppel, laches, or unclean hands.

3.      Plaintiffs' claims are barred or limited to the extent they have failed to make reasonable, good faith efforts to mitigate their alleged damages.

Defendants reserve the right to assert additional defenses as they may become known.

DATED:  January 16, 2026                    Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Andrew L. Scroggins*
        Andrew L. Scroggins
        ascroggins@seyfarth.com


SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

Attorneys for Defendants First Pick
Farms LLC; Grow Blue Farms, LLC

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on January 16, 2026, he caused the foregoing ANSWER TO SECOND AMENDED COMPLAINT to be filed with the Clerk of the Court via the Court's CM/ECF electronic case filing system, which will serve notice upon all counsel of record.

/s/ Andrew L. Scroggins

322985871