IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FELICIANO VELASCO ROJAS AND LUIS
GUZMAN ROJAS,

Civil Action No. 1:23-cv-00604

        Plaintiffs,

Hon. Paul L. Maloney
Magistrate Judge Sally J. Berens

v.

FIRST PICK FARMS LLC, FIRST PICK
FARMS MANAGEMENT, LLC, HB HIVE
AND COMPANY LLC, GROW BLUE
FARMS, LLC,

        Defendants.

## DEFENDANTS FIRST PICK FARMS MANAGEMENT, LLC AND HB HIVE AND COMPANY, LLC'S ANSWER TO SECOND AMENDED COMPLAINT

NOW COME, Defendants First Pick Farms Management, LLC and HB Hive and Company, LLC, by and through their attorneys, Varnum LLP, and for their Answer to Plaintiffs' Second Amended Complaint state as follows:

1.  Plaintiffs Feliciano Velasco Rojas and Luiz Guzman Rojas bring this civil action against Defendants First Pick Farms, LLC ("First Pick Farms"), First Pick Farms Management, LLC ("First Pick Farms Management"), HB Hive and Company LLC, ("HB Hive"), and Grow Blue Farms, LLC ("Grow Blue Farms"), Grow Blue Farms Hourly, LLC ("Grow Blue Farms Hourly"), Grow Blue Farms Salary, LLC ("Grow Blue Farms Salary") (collectively "Defendant Enterprise" or "all six corporate Defendants" or "Defendants") for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), the Trafficking Victims Protection Act ("TVPA"), and the Trafficking Victims Protection Reauthorization Act of 2003 and 2008 ("TVPRA") for agricultural work done on Defendants' blueberry farms located in West Olive, Michigan during the summer of 2017 and for being trafficked to perform agricultural labor.

**ANSWER:** **This paragraph calls for a legal conclusion to which no response is required. To the extent a response to this paragraph is required, Defendants deny that Plaintiffs are entitled to any relief on any of their claims.**

2. Beginning in July of 2017 and continuing throughout the blueberry-growing season of the same year, all six corporate Defendants violated multiple provisions of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801-1872 through the corporate structure that existed while Plaintiffs were employed at Defendants' blueberry farm as migrant agricultural workers.

**ANSWER:** **This paragraph calls for a legal conclusion to which no response is required. To the extent a response to this paragraph is required, the allegations are denied as untrue.**

3. While Plaintiffs were employed in North Carolina under the federal H-2A program that had provided them with nonimmigrant visas, Defendant Enterprise's employee without legal authority transported Plaintiffs from North Carolina to Michigan, compelling their labor through threats of force and serious harm including economic harm and abuse of legal process. 18 U.S.C. § 1589. Plaintiffs, two Mexican citizens, were victims of labor trafficking, involuntary servitude and forced labor as defined by the TVPA, 18 U.S.C. §§1581 et seq., and the TVPRA, 22 U.S.C. §7101.

**ANSWER:** **This paragraph calls for a legal conclusion to which no response is required. To the extent a response to this paragraph is required, the allegations are denied as untrue.**

4. Defendant Enterprise, through its agent and direct employee, Antonio Sanchez, recruited and transported Plaintiffs from their H-2A employment in North Carolina, with the wages and benefits of that federal program, to work and reside in poorer conditions at the Defendants' blueberry farm in West Olive, Michigan.

**ANSWER:    Whether Defendants are collectively an "enterprise" calls for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

5.    The H-2A work in North Carolina remained available as evidenced by the large number of other H-2A workers that remained in North Carolina. The Defendant Enterprise's employee, by taking the Plaintiffs from North Carolina, took away Plaintiffs' H-2A protections and contractual benefits including the three-quarters guarantee. 20 C.F.R. 655.122(I).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required. Responding further, Defendants lack knowledge or information sufficient to form a belief as to their truth.**

6.    Defendant Enterprise compelled Plaintiffs to work under threatened abuse of the legal process by compelling Plaintiffs' use of false immigration documentation and threatening to call immigration authorities if Plaintiffs complained to anyone, including other persons working at the Defendants' blueberry farm. These threats which compelled Plaintiffs to work for Defendants began prior to their arrival in Michigan and were made by Defendants' agent and employee, Antonio Sanchez (hereinafter "Sanchez").

**ANSWER:    The allegations of this paragraph are denied as untrue.**

7.    Upon Plaintiffs' arrival in Michigan, Defendant Enterprise compelled Plaintiffs to work in grueling conditions picking blueberries for as many as twelve hours per day without breaks, seven days per week, and to live in woefully overcrowded and otherwise substandard housing arranged by the Defendants and for which they were required to pay rent.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.   Responding further, the allegations of this paragraph are denied as untrue.**

8.    Plaintiffs seek redress from all six corporate Defendants jointly and severally for Defendants' violations of law, in the form of statutory or actual damages under the AWPA, and actual damages plus reasonable attorneys' fees under the TVPA and TVPRA.

**ANSWER:    This paragraph calls for a legal conclusion to which no response is required. To the extent a response to this paragraph is required, Defendants deny that Plaintiffs are entitled to any relief on any of their claims.**

**JURISDICTION AND VENUE**

9.    This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 (federal question), the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1854(a) et seq.

**ANSWER:    This paragraph calls for a legal conclusion to which no response is required.**

10.    Pursuant to 18 U.S.C. § 1595 this Court has jurisdiction over civil claims brought by Plaintiffs for violations of the Trafficking Victims Protection Act ("TVPA") and the Trafficking Victims Protection Reauthorization Acts ("TVPRA").

**ANSWER:    This paragraph calls for a legal conclusion to which no response is required.**

11.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) as this is the judicial district where all six corporate Defendants reside and in which a substantial part of the events or omissions giving rise to the claim occurred.

**ANSWER:    This paragraph calls for a legal conclusion to which no response is required.**

## PARTIES

### Migrant Worker Plaintiffs

12.    Plaintiff Luiz Guzman Rojas ("Plaintiff Guzman" or "Mr. Guzman") is a Mexican national and a migrant farmworker who currently resides in North Carolina.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

13.    Plaintiff Feliciano Velasco Rojas ("Plaintiff Velasco" or "Mr. Velasco") is a Mexican national and a migrant farmworker who currently resides in Florida.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

14.    Plaintiffs are from impoverished areas of Mexico where there are few opportunities for paid employment. Plaintiffs traveled to the United States at considerable personal expense to support their families.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

15.    Plaintiff Guzman is an individual from the state of Michoacan, Mexico and was exclusively employed by the Defendants from approximately June 2017 to September 2017.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

16.    Plaintiff Velasco is an individual from the state of Oaxaca, Mexico and was exclusively employed by the Defendants from approximately June 2017 to August 2017.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

17.    At all times relevant to this Complaint, Plaintiffs Guzman and Velasco were migrant agricultural workers pursuant to the AWPA 29 U.S.C. § 1802 (8) and 29 C.F.R. § 500.20(p).

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

18.    In May of 2017, the Plaintiffs entered the United States through the H-2A visa program to work in North Carolina along with a number of other Mexican nationals.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

19.    Plaintiffs worked on Defendant Enterprise's blueberry farms in Michigan for one season from June 2017 through August of 2017 for Plaintiff Velasco and through September of 2017 for Plaintiff Guzman picking blueberries.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

20.    While working for Defendant Enterprise, Plaintiffs held permanent places of residence in Mexico.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

21.    Plaintiffs were housed by Defendant Enterprise at a migrant housing facility located at 1941 Cleveland Avenue, Wyoming, Michigan, 49509 ("1941 Cleveland Ave.") for the benefit of Defendants.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

6

22.    At all times relevant to this action, Plaintiffs Guzman and Velasco were employed in agricultural employment under AWPA, 29 U.S.C. § 1802(3) and 29 C.F.R. §500.20(e), in that they were employed in the production, cultivation, growing, and harvesting of agricultural or horticultural commodities and/or in work incident to or in conjunction with Defendant Enterprise's growing operations, including preparation for market.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

### Defendants

23.    Defendant First Pick Farms, LLC, which operates under the name "First Pick Farms" is a domestic corporate entity and agricultural employer under the AWPA which operates a farm that cultivates and harvests roughly 2,200 acres of blueberries located in West Olive, Nunica, Rothbury, and Covert, Michigan. First Pick Farms markets and sells fresh and frozen blueberries throughout Michigan. First Pick Farms operates its own packing facility which packs for other growers and employs roughly 100 packing workers during peak season. First Pick also employs roughly 700-800 migrant agricultural workers during peak season to harvest the blueberries, also another 100 seasonal agricultural workers for spraying, mowing, field maintenance and machine harvesting.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

24.    All six corporate Defendants are overlapping agricultural operations and holding companies that are owned or controlled by the same operators and corporate officers.

**ANSWER:    The allegations of this paragraph are denied as untrue.**

25.     All six corporate Defendants conduct business from the same rural address of 14786 Winans St., West Olive, Michigan, 49460 ("14786 Winans").

**ANSWER:     The allegations of this paragraph are denied as untrue.**

26.     All six corporate Defendants share profit and loss from the venture of growing, harvesting, and selling blueberries.

**ANSWER:     The allegations of this paragraph are denied as untrue.**

27.     Defendants collectively do business as First Pick Farms.

**ANSWER:     The allegations of this paragraph are denied as untrue.**

28.     Defendant First Pick Farms Management, LLC ("First Pick Farms Management") is a domestic corporate entity operating under the name "First Pick Farms" and affiliated with Defendant First Pick Farms, LLC.

**ANSWER:     Admitted only that First Pick Farms Management is a domestic corporate entity.  As to the remaining allegations of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to their truth.**

29.     Defendant HB Hive and Company, LLC ("HB Hive") is a domestic corporate entity doing business as "First Pick Farms" and affiliated with Defendant First Pick Farms, LLC.

**ANSWER:     Admitted only that HB Hive is a domestic corporate entity.  As to the remaining allegations of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to their truth.**

30.     First Pick Farms provides on their corporate website that HB Hive and Company, LLC is "d/b/a First Pick Farms 14786 Winans, West Olive, MI 49460."

**ANSWER:**    **The allegations of this paragraph reference the content of a website, and such content speaks for itself.  To the extent the allegations of this paragraph are contrary to or inconsistent with the content of the website, the allegations are denied as untrue.**

31.    Defendant HB Hive is a limited liability company which was owned in 2017 by GBF Corporation, LLC, which was, in turn, owned during 2017 by Tom Mitchell.

**ANSWER:**    **Admitted only that Tom Mitchell had an ownership interest in HB Hive in or around 2017.  As to the remaining allegations of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to their truth.**

32.    Defendant Grow Blue Farms, LLC is a foreign corporate entity doing business as "First Pick Farms" and affiliated with Defendant First Pick Farms, LLC.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

33.    Defendant Grow Blue Farms Hourly, LLC is a domestic corporate entity doing business from 14786 Winans with registered agent Scott Nagelvoort, who also serves as the Chief Executive Officer of Defendant First Pick Farms, LLC.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

34.    Defendant Grow Blue Farms Salary, LLC is a domestic corporate entity doing business from 14786 Winans with registered agent Scott Nagelvoort, who also serves as the Chief Executive Officer of Defendant First Pick Farms, LLC.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

35.    Defendants Grow Blue Farms, Grow Blue Farms Hourly, Grow Blue Farms Salary, and First Pick Farms all also share the same registered office mailing address: 937 Bay Ridge Drive, Holland, MI 49424.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

36.    Defendants HB Hive registered office mailing address is 14786 Winans Street, the same rural address where all six corporate Defendants conduct their business.

**ANSWER:    Admitted only that, as of the date of Defendants' Answer, "HB Hive and Company, LLC" has a registered office mailing address listed on the Michigan MiBusiness Registry of 14786 Winans Street, West Olive, MI 49460.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

37.    In 2017, Tom Mitchell owned and operated First Pick Farms, First Pick Farms Management, HB Hive, and Grow Blue Farms.

**ANSWER:    Admitted only that, in or around 2017, Tom Mitchell had an ownership interest in First Pick Farms, First Pick Farms Management, HB Hive, and Grow Blue Farms. The remaining allegations of this paragraph are denied as untrue.**

38.    Upon information and belief, Grow Blue Farms Hourly and Grow Blue Farms Salary have the ability to provide relief to the employees affected by violations committed by Defendant Enterprise prior to 2021.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

10

39. All six Defendants: First Pick Farms, First Pick Farms Management, HB Hive, and Grow Blue Farms, Grow Blue Farms Hourly, and Grow Blue Farms Salary, (collectively "Defendant enterprise", or "all six corporate Defendants" or "Defendants"), are registered and operate out of the 14786 Winans address with overlapping officers and shared benefit and risk associated with the harvest and sale of blueberries.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

40. Defendants, save for Defendant Grow Blue Farms, are all Michigan for-profit corporations, and all six corporate defendants are qualified to operate in Michigan.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

41. Defendant Grow Blue Farms is a Delaware corporation qualified to operate in Michigan.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

42. Defendants First Pick Farms, Grow Blue Farms Hourly, and Grow Blue Farms Salary are all wholly owned subsidiaries of Grow Blue Farms.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

43. All six corporate Defendants operate and benefit financially from blueberry farm operations at 14786 Winans St., West Olive, Michigan, 49460 where they produce fresh and frozen blueberries.

11

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

44. Defendant Grow Blue Farms owns, operates, controls and/or contracts for migrant housing in Van Buren, Oceana, Berrien, Kent, and Ottawa counties in Michigan for its workforce for the benefit of the Defendant Enterprise.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

45. Defendants share the same officers and directors, including Registered Agent Jennifer Crawford and President Scott Nagelvoort.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

46. All six corporate Defendants are a single employer under the AWPA as they are an integrated enterprise.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

47. Defendant Enterprise authorized its agents and employees, including Sanchez, to house incoming work crews.

**ANSWER:** **This paragraph calls for a legal conclusion to which no response is required. Responding further, the allegations of this paragraph are denied as untrue.**

48. Defendant Enterprise housed Plaintiffs at 1941 Cleveland Ave.

**ANSWER:** **To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack**

12

**knowledge or information sufficient to form a belief as to the truth of those allegations.  The**

**remaining allegations of this paragraph are denied as untrue.**

49.    At all times relevant to this Complaint, Defendant Enterprise was the employer of Plaintiffs under the AWPA, 29 U.S.C. § 1802(5), which determined the terms and conditions of Plaintiffs' employment, including their work hours, schedules, manner of performance, timekeeping, and housing, among other essential functions of an employer.

**ANSWER:    This paragraph calls for a legal conclusion to which no response is required. Responding further, the allegations are denied as untrue.**

50.    Specifically, at all relevant times, Defendant Enterprise's employees regularly and recurrently handled or otherwise worked on goods, moved in or produced for commerce, including but not limited to harvesting blueberries for sale. In addition, Defendant Enterprise's annual gross volume of sales or business was not less than five hundred thousand dollars ($500,000.00).

**ANSWER:    This paragraph calls for a legal conclusion to which no response is required. Responding further, the allegations are denied as untrue.**

51.    At all times relevant to this action, Defendant Enterprise was the agricultural employers under AWPA, 29 U.S.C. § 1802(2), in that it owned or operated a farm, packing shed and/or nursery, and hired and employed the Plaintiffs and others as migrant or seasonal agricultural workers.

**ANSWER:    This paragraph calls for a legal conclusion to which no response is required. Responding further, the allegations are denied as untrue.**

## FACTUAL ALLEGATIONS

### Trafficking

A. <u>Recruitment and Trafficking</u>

52.    Plaintiffs were H-2A agricultural workers from Mexico working on a farm in North Carolina prior to the blueberry season of 2017. In North Carolina, Plaintiffs lived in free housing that was inspected and compliant with applicable standards. They earned a guaranteed contract wage for their hours worked and would have had the expense of return transportation to Mexico paid upon completion of their contract, which would have lasted several more months.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

53.    After Plaintiffs had been working on a farm in North Carolina for a few weeks, Sanchez, working as Defendant Enterprise's agent and employee, woke the Plaintiffs and approximately thirty other H-2A workers at night to take their photographs.

**ANSWER:    The allegations of this paragraph call for a legal conclusion regarding (1) whether Defendants are an "enterprise," and (2) whether Antonio Sanchez was an agent or employee of Defendants, and no response is required to those legal conclusions.  To the extent a response is required, the allegations of this paragraph are denied as untrue as to Defendants.  Responding further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

54.    Plaintiffs and several other H-2A workers were told by Defendant Enterprise's agent and employee, Sanchez, that they would be taken to another farm to continue agricultural work in Michigan.

**ANSWER:    The allegations of this paragraph call for a legal conclusion regarding (1) whether Defendants are an "enterprise," and (2) whether Antonio Sanchez was an agent or**

**employee of Defendants, and no response is required to those legal conclusions. To the extent a response is required, the allegations of this paragraph are denied as untrue as to Defendants. Responding further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

55. Plaintiffs were given only two to three hours warning by Sanchez of the need to pack their belongings and board the vans to begin the trip to Michigan.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

56. Defendant Enterprise expected Sanchez and other field managers to deliver workers to them in Michigan during the 2017 season as they had in prior seasons.

**ANSWER: To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations. The remaining allegations of this paragraph are denied as untrue.**

57. Sanchez worked as an employee of Defendant Enterprise wherein he recruited, transported, provided housing for, and supervised the Plaintiffs during the 2017 blueberry season at Defendant Enterprise's blueberry operation.

**ANSWER: The allegations of this paragraph call for a legal conclusion regarding (1) whether Defendants are an "enterprise," and (2) whether Antonio Sanchez was an agent or employee of Defendants, and no response is required to those legal conclusions. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. The remaining allegations of this paragraph are denied as untrue.**

15

58.    Defendant Enterprise, through its agent and employee, Sanchez, repeatedly threatened Plaintiffs and the other H-2A workers with calls to immigration authorities if they complained to anyone regarding being transported to Michigan to work.

**ANSWER:    The allegations of this paragraph call for a legal conclusion regarding (1) whether Defendants are an "enterprise," and (2) whether Antonio Sanchez was an agent or employee of Defendants, and no response is required to those legal conclusions. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  The remaining allegations of this paragraph are denied as untrue.**

59.    Soon thereafter, Sanchez rounded up the individuals who he had photographed, including the Plaintiffs and required them to board vans. He then gave them false identification that had their respective photographs and false identification information, and then told them that they were being relocated to a farm in Michigan where they would use the identity documents that he provided to them.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

60.    Plaintiffs were forced to board buses and then were driven to West Olive, Michigan by Antonio Sanchez where they would work for the Defendant Enterprise.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

61.    Plaintiffs and other H-2A workers were then given false identification while on the buses.

16

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

62.    Sanchez gave Plaintiff Guzman false identification documents with the name "Saul Chabez".

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

63.    Sanchez gave Plaintiff Velazco false identification documents with the name "Juan Guzman."

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

64.    Plaintiffs were fearful of Sanchez which is why they boarded the buses and used the false documents.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

65.    Sanchez, acting directly in a venture with Defendant Enterprise, orchestrated the transportation of the Plaintiffs and the other individuals to Michigan while also charging them for the transportation costs along the way.

**ANSWER:    The allegations of this paragraph call for a legal conclusion regarding (1) whether Defendants are an "enterprise," and (2) whether Antonio Sanchez was an agent or employee of Defendants, and no response is required to those legal conclusions. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  The remaining allegations of this paragraph are denied as untrue.**

17

66.    Sanchez told the workers prior or during the trip to Michigan that he would charge the workers for the costs of transporting them from North Carolina to Michigan which included the costs of the false identification imposed on the Plaintiffs and other trafficked workers, approximately one hundred and ten dollars ($110.00) each, as well as charges purportedly for trip fuel costs for each passenger in the amount of twenty-five dollars ($25.00) each per refueling stop, of which there were ten stops.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

67.    Plaintiffs and other workers were forced to repay Sanchez for the debt imposed by the aforementioned costs with their own money and labor.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

68.    When Plaintiffs, the other H-2A workers, and Sanchez arrived in Michigan, Sanchez took them to a house located at 1941 Cleveland Ave., and informed the workers that this is where they would reside for the duration of the 2017 blueberry season.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

69.    Plaintiffs resided at the Cleveland Ave. housing with approximately thirty workers in total.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

70.    Defendant Enterprise held control over the house at 1941 Cleveland Ave., where the Plaintiffs resided at all relevant times in Michigan. This housing was unfurnished with fewer

18

than 1,500 square feet of floor space, which was insufficient space for the approximately thirty workers that resided there for the relevant time period.

**ANSWER:    The allegations of this paragraph call for a legal conclusion regarding whether Defendants are an "enterprise," and no response is required to that legal conclusion.  To the extent a response is required, the allegations of this paragraph are denied as untrue as to Defendants.  Responding further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

71.    Defendant Enterprise relied upon and benefited from the work of Harvest Manager, Scott Walker, regularly inspected housing where their migrant workforce resided, including the housing provided to Plaintiffs.

**ANSWER:    The allegations of this paragraph call for a legal conclusion regarding whether Defendants are an "enterprise," and no response is required to that legal conclusion.  To the extent a response is required to the remaining allegations of this paragraph, and to the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

72.    On its premises in Michigan, Defendant Enterprise processed Plaintiffs' employment paperwork using the false identification provided to them by Sanchez.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

19

73.     Defendant Enterprise employed and directed Sanchez, and relied upon Sanchez, to hire and transport part of its workforce in Michigan in 2017 as they had in prior years.

**ANSWER:     The allegations of this paragraph call for a legal conclusion regarding whether Defendants are an "enterprise," and no response is required to that legal conclusion.  To the extent a response is required to the remaining allegations of this paragraph, and to the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

74.     Defendant Enterprise knowingly trafficked the Plaintiffs through the use of force, fraud, and/or coercion for the purpose of bringing a work crew to Defendants' blueberry farm through the direct acts of its employee and agent, Sanchez.

**ANSWER:     The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, and to the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

B.   Defendants' Involvement in the Labor Trafficking

75.     Defendant Enterprise hired and employed Sanchez during the 2017 blueberry season to act as field supervisor as they had done in previous seasons.

**ANSWER:     To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez,**

20

**Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations. The remaining allegations of this paragraph are denied as untrue.**

76. Defendant Enterprise also employed Sanchez to act as a recruiter. Defendants knew or should have known about Sanchez' history of labor violations for which he was sanctioned by federal authorities prior to the 2017 growing season but employed him to act as a recruiter and a field supervisor.

**ANSWER: The allegations of this paragraph call for a legal conclusion regarding (1) whether Defendants are an "enterprise"; and (2) whether Defendants "knew or should have known" about Sanchez' history of labor violations, and no response is required to that legal conclusion. Furthermore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the "labor violations" referenced in this paragraph. To the extent a response is required to the remaining allegations of this paragraph, and to the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations. The remaining allegations of this paragraph are denied as untrue.**

77. Defendant Enterprise paid Sanchez directly from company payroll as an employee in the same manner as it paid the Plaintiffs.

**ANSWER: To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations. The remaining allegations of this paragraph are denied as untrue.**

21

78.    As an agent and employee of Defendant Enterprise, Sanchez's actions as an agricultural recruiter and field supervisor were provided for the direct benefit of all six corporate Defendants' business operations.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, to the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

79.    Defendant Enterprise communicated with or had a standing agreement for the employment of Sanchez such that he would provide some number of agricultural workers to work in Michigan for Defendants for the 2017 blueberry season.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, to the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

80.    Defendant Enterprise hired and employed various supervisory individuals, including Sanchez, with the expectation that they would bring work crews as per their respective working arrangements.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

22

81.     Defendant Enterprise controlled all aspects of the work of Sanchez, Plaintiffs, and other workers, including wages, hours, and discipline.

**ANSWER:     To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

82.     Defendant Enterprise supplied all tools used to complete work, including buckets and scales, for Plaintiffs and Sanchez.

**ANSWER:     To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

83.     Defendant Enterprise, as part of the hiring process for the 2017 blueberry season, required new workers, including the Plaintiffs, to fill out forms to verify their ability to work in the United States which used the false identities provided by Sanchez.

**ANSWER:     To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

84.     Plaintiffs believed that through the acts of Sanchez, e.g. transporting them to Michigan; putting them in housing while working for Defendants' blueberry operation; ensuring that they were enrolled in the company payroll system, and supervising them while they worked during the 2017 blueberry season, that Sanchez was an agent of the six corporate Defendants.

**ANSWER:** **The allegations of this paragraph regarding Plaintiffs' belief that Sanchez was an agent of Defendants call for a legal conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

C. Method of Control, Form of Threats, and Abuse

85. Upon arriving in Michigan, Sanchez threatened the Plaintiffs and other workers by saying that the immigration authorities would be alerted if any workers raised any complaints.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

86. Sanchez repeated similar threats throughout the work season: that he would alert immigration authorities to the Plaintiffs' whereabouts and the use of false identification if the Plaintiffs complained about their working conditions.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

87. Due to being compelled to accept and use the false identifying documentation after being transported away from their previous H-2A employer in North Carolina, thereby violating the terms of their H-2A visa and immigration status, the Plaintiffs were fearful of the legal repercussions if immigration authorities were called against them.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

88. Defendant Enterprise's agent, Sanchez, instructed Plaintiffs to use the false identifications imposed on the Plaintiffs in filling out the paperwork to begin their employment for Defendants.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue as to Defendants.  Responding further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

89.    Defendant Enterprise reviewed and approved the employment documentation completed with the false identification documents imposed on the Plaintiffs by Sanchez and enrolled Plaintiffs in its company records under false aliases.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

90.    Defendant Enterprise compelled Plaintiffs to work as much as twelve hours per day, seven days per week under brutal conditions while repaying Sanchez for the debt that he had imposed on them for transportation from North Carolina.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

91.    Defendant Enterprise's agent, Sanchez, monitored Plaintiffs and the other workers to ensure that they did not divulge the details of the trafficking scheme including their true identities. This kept the Plaintiffs and other workers residing in the same overcrowded house while isolated and controlled by the Defendant Enterprise.

25

**ANSWER:** **To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

D.  Financial Gain

92.    Defendant Enterprise, through the human trafficking initiated by its agent and employee, Sanchez, obtained a labor force for the picking of the blueberry harvest for its pecuniary gain.

**ANSWER:** **To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

93.    Defendant Enterprise, by securing a larger workforce, were able to more quickly and effectively pick crops and move them into the stream of commerce to its direct economic benefit.

**ANSWER:** **To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

94.    Defendant Enterprise, through Sanchez, deducted rent from Plaintiffs' wages for substandard housing which was of benefit to the employer.

**ANSWER:** **To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez,**

26

**Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

95.    Plaintiffs would have been living in free, regulated housing in North Carolina at that time if they had they not been taken by Defendant Enterprise to Michigan.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

96.    Sanchez also charged travel expenses to the workers for transporting them from the employer-provided housing to the fields where they worked for the benefit of the Defendant Enterprise.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

### Agricultural Employment

97.    Agricultural workers have historically been exploited which is why the federal government passed the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) to protect these susceptible groups of workers who travel long distances to pick the fruits and vegetables that form so much of the food supply. 29 U.S.C. 1801, et seq.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, the referenced Act and any related legislative history speaks for itself.**

98.    The AWPA defines an agricultural employer as "any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed, nursery, or seed production

27

enterprise who recruits, solicits, hires, employs, furnishes, or transports migrant or seasonal agricultural workers." 29 U.S.C. §1802(2).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, the referenced Act and any related legislative history speaks for itself.**

99.    The AWPA defines a migrant agricultural worker as an individual employed in "agricultural employment" of a seasonal or other temporary nature required to be absent overnight from his or her permanent place of residence. 29 C.F.R. §500.20(h)(3); 29 C.F.R. §500.20(s); 29 C.F.R. §500.20(p)(2).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, the referenced Act and any related legislative history speaks for itself.**

100.    The AWPA defines agricultural employment broadly to include farming in all its branches, including the growing and harvesting of any agricultural or horticultural commodity which are those commodities which use agricultural techniques for cultivation, even if the commodity could be produced without human intervention. 29 C.F.R. 500.20(e).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, the referenced Act and any related legislative history speaks for itself.**

101.    During the relevant time periods, Defendant Enterprise has grown and harvested blueberries on its premises.

**ANSWER:    To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information**

28

**sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

102.    Defendant Enterprise has directly recruited and hired hundreds of workers each growing season and used its own employees to assist them to recruit, transport, and hire workers in order to grow and harvest crops on its West Olive, Michigan farm.

**ANSWER:    To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

103.    Defendant Enterprise employed workers for whom they provided or contracted for provision of nearby housing.

**ANSWER:    To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC,  Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

104.    Defendant Enterprise hired Sanchez as a field supervisor during the 2017 blueberry season. Defendants hired Sanchez in prior years to provide a crew for previous blueberry seasons.

**ANSWER:    To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

105.    Sanchez had no authority to negotiate the terms of his own employment contract nor the contracts of his crew.

**ANSWER:** **The allegations of this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

106. While Plaintiffs were lawfully working as H-2A workers at another farm in North Carolina, Sanchez ordered and transported Plaintiffs along with other workers to Michigan to pick blueberries.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

107. After preparing false identification for Plaintiffs, Sanchez drove Plaintiffs and thirty other H-2A workers from North Carolina to Michigan to work for Defendants.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

108. Plaintiffs were, at no time prior to their arrival in Michigan, provided with any written disclosures or documentation about the new job they would be compelled to perform in Michigan.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

109. Prior arrival in Michigan, Plaintiffs along with the other workers were promised simply a job that was better paying compared to the job that they were being taken from and that they would be picking blueberries. No other details about the job, duties or obligations were provided before the Plaintiffs actually began working for Defendant Enterprise's blueberry operation.

30

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

110.    Upon arriving in Michigan, Sanchez told Plaintiffs and other workers that they would be placed in a house located at 1941 Cleveland Ave. and told them that they would each have to pay rent in the amount of twenty dollars ($20.00) per week.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

111.    Plaintiffs lived in that residential home with over thirty workers, all sharing living space as provided by Sanchez, which was done on behalf of employees to house Defendant Enterprise's workforce.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Responding further, the allegations of this paragraph are denied as untrue.**

112.    At no point during their time living at 1941 Cleveland Ave., did the Plaintiffs see any signs or written notifications about the occupancy limits of their living quarters.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

113.    Plaintiffs were not provided with any alternative housing options.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

114.    Housing provided to Plaintiffs had fewer than 1,500 square feet of floor space and lacked any beds or other furnishings for the more than thirty migrant workers who resided there. Two women workers were given a bedroom to share while the remaining workers had to spread

out throughout the rest of the house with no other option but to sleep on the floor. The house only contained one single toilet bathroom and one kitchen for the more than thirty workers to share. The bathroom could only accommodate one person at a time. The kitchen was modest in size and did not have the capacity for so many workers to have meaningful access to it.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

115.    Defendant Enterprise failed to provide adequate housing to its migrant blueberry workers when it placed the Plaintiffs and other workers in an unfurnished, dilapidated, and overcrowded house wherein the approximately thirty migrant workers had to sleep on the floor; had to share one toilet; had to share one kitchen area; had less than fifty square feet of floor space per person for sleeping purposes; and had fewer than 100 square feet of floor space per person of living space.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, and to the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

116.    This housing had not been certified by the Michigan Department of Agriculture and Rural Development ("MDARD") that it met Federal and State health and safety standards by the appropriate federal, state, or local agency, as required for use by migrant agricultural workers. Plaintiffs did not see a posting of a certificate of compliance with Federal and State health and safety standards and no such posting was provided. Plaintiffs did not see a posting at the housing

site with a statement showing the terms and conditions of occupancy and no such posting was provided.

**ANSWER:   The allegations of this paragraph call for a legal conclusion to which no response is required.  As to the remaining allegations of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

117.   Prior to Plaintiffs' commencement of work at Defendants' blueberry farm, Defendant Enterprise required Plaintiffs and other trafficked former H-2A workers to fill out paperwork using their fake documentation as issued by Defendants' agent employee, Sanchez. The day after arriving in Michigan, the thirty trafficked workers were taken to an office or warehouse space on the Defendants' property where Defendants' secretarial or administrative staff called up workers one at a time and asked the workers for their identification to fill out the employment paperwork. This employment paperwork was reviewed by Defendants' secretarial or administrative staff.

**ANSWER:   To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

118.   For some workers, the Defendants initially rejected their identifications, and those workers, who were told that they could provide different identification, went to Sanchez— who was standing outside of the office space, who provided alternate identification information to re-present to Defendant Enterprise which were then accepted.

**ANSWER:**    To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.

119.    Defendant Enterprise failed to provide the required written disclosures regarding employment and housing conditions to Plaintiffs prior to transporting Plaintiffs and prior to the beginning of the 2017 blueberry season.

**ANSWER:**    To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.

120.    Sanchez coordinated with other employees of Defendants, including "Miguel" and "Pablo," for instructions to manage Plaintiffs' work in detail, including specific work locations, work schedule, and daily work review.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

121.    Defendant Enterprise made all decisions related to Plaintiffs' blueberry job assignments, which included what location, crop, and rows they would be assigned to work in, and what specific tasks they would be assigned to complete.

**ANSWER:**    To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.

34

122.    Defendant Enterprise provided all equipment, such as buckets for the workers, bins for the weighed blueberries, and weigh stations.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

123.    Defendant Enterprise assigned Plaintiffs and the other blueberry workers their work schedules including controlling their starting and stop times.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

124.    Defendant Enterprise tracked the quantity of blueberries each Plaintiff picked by weight which is reflected in their wage statements.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

125.    Defendant Enterprise set and enforced production standards for Plaintiffs and blueberry workers and tracked each Plaintiffs' piece rate for all crop-related tasks.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack**

**knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

126.    The work performed by Plaintiffs was repetitive and did not require a special set of skills or training.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

127.    At no time during the 2017 blueberry season did the Plaintiffs see any signage or written notices stating that agricultural workers have rights in any areas where they worked.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

128.    Plaintiff Luis Guzman was also assigned by Defendant Enterprise to be one of the drivers that would transport some of the about thirty other workers co-habiting at the employer provided housing located at 1941 Cleveland Ave. to the work site. Plaintiff Guzman did not have a United States driver's license during the 2017 blueberry season but was compelled to drive as part of his work assignment. Plaintiff Guzman was not paid for driving his co-workers to the worksite.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

129.    Defendant Enterprise failed to provide transportation for the Plaintiffs and other workers that met federal safety standards to get from their employer-provided housing to the work site because Defendants did not ensure that each driver had a valid driver's license for the type of

36

vehicle to be driven, 29 U.S.C. 1841(b)(1)(B); 29 C.F.R. 500.100. In addition, Plaintiffs and other workers were unlawfully charged for gas and transportation expenses.

**ANSWER:   The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, and to the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

130.   Defendant Enterprise administered payroll with paystubs marked with "HB Hive and Company, LLC."

**ANSWER:   To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations. Responding further, to the extent the allegations of this paragraph reference a document or document, those documents speak for themselves.  Any allegations that are contrary to, or inconsistent with, any such documents, those allegations are denied.**

131.   Defendant Enterprise also providing Plaintiffs with daily piece rate scale receipts marked "First Pick Farms."

**ANSWER:   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

132.   Defendant Enterprise failed to include the number of hours worked by each Plaintiff in each paystub as required under the AWPA (29 C.F.R. §500.80(a)(3)). Defendant Enterprise further failed to itemize deductions including but not limited to payments for transportation costs.

**ANSWER:**    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, and to the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.

133.    Defendant Enterprise failed to provide accurate records for wages paid to the Plaintiffs and the other blueberry workers as required under the AWPA (29 C.F.R. §500.80(d)).

**ANSWER:**    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, and to the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.

134.    Defendant Enterprise failed to provide notifications about workplace safety or worker rights at the locations where Plaintiffs were tasked with working as required under AWPA. (29 C.F.R. §500.135(a)(3)).

**ANSWER:**    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, and to the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.

135.   Defendant Enterprise used threats to prevent Plaintiffs from leaving the housing or work site and instructed Plaintiffs who they could and could not speak to, e.g. male workers were not to speak to or co-mingle with female workers.

**ANSWER:   To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, Grow Blue Farms, LLC, and/or Antonio Sanchez, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

136.   Following the 2017 blueberry season, during or near the month of September 2017, Defendants transported Plaintiffs and other workers back to North Carolina where the workers finally managed to escape employer control.

**ANSWER:   To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

**COUNT I**
**Violations of the TVPA – Forced Labor Against All Defendants**
**(18 U.S.C. §§1589)**

137.   Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:   Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.**

138.   Congress passed the Victims of Trafficking and Violence Protection Act in 2000 ("TVPA"). Pub. L. No. 106-386, 114 Stat. 1466 (2000) (codified as amendment in Title 22, Chapter 78, and Title 18, Chapter 77, of the U.S. Code.) The TVPA has been reauthorized several times in the years since. Through its text and legislative history, Congress demonstrated a strong

intent to provide a means of recovery for victims of labor exploitation by allowing them to pursue civil actions for human trafficking violations.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

139.    The Trafficking Victim Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1590, et seq., criminalizes labor trafficking, e.g. peonage, slavery, involuntary servitude, or forced labor. Separately §1595 of the TVPRA provides victims of labor trafficking with civil remedies against the perpetrators of human labor trafficking and also against the beneficiaries of labor trafficking. See 18 U.S.C. § 1595(a).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

140.    18 U.S.C. § 1595(a) sets the standard for civil liability under the TVPRA. That section provides:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially, or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys' fees.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

141.    Under the 2003 version of the 18 U.S.C. § 1595(a), only those criminally liable under 1590 could be held civilly liable under 1595. However, in 2008, U.S.C. § 1595(a) was intentionally amended with substantially different language that created a category of 38 defendants that could be held liable civilly even in the absence of criminal culpability. By amending 18 U.S.C. § 1595(a) in 2008, Congress required "whoever," (i.e. all businesses), to

40

comply with the new law or face new civil liability. 18 U.S.C. § 1595(a). This amendment to the country's systemic human trafficking legislation necessitated an evolution from the business and commercial sector which for decades have enabled, empowered, harbored, held, facilitated, benefitted from financially or otherwise, and/or any combination of the foregoing from labor trafficking.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

142.    Under the TVPRA and the TVPA, any individuals and/or entities are also civilly liable for a labor trafficking victim's damage if they: "(1) knowingly benefitted; (2) from participating in a venture; (3) that they knew or should have known engaged in forced labor." 18 U.S.C. § 1595(a).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

143.    It is a violation of the TVPA to "knowingly provide or obtain the labor or services of a person... by means of serious harm threats of serious harm...; by means of the abuse of threatened abuse of the law or legal process; or by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm..." 18 U.S.C. § 1589(a)

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

144.    The TVPA defines "serious harm" to include nonphysical harm, "including psychological, financial, or reputational harm, that is sufficiently serious... to compel a reasonable

person of the same background and in the same circumstances to perform or to continue performing labor or services to avoid incurring that harm. 18 U.S.C. 1589(c)(2).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

145.    Defendant Enterprise, through its employees including its field supervisor Sanchez, knowingly and purposely obtained the labor of Plaintiffs by threats of abuse of the legal process and restraint against the Plaintiffs and other persons.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, the allegations of this paragraph are denied as untrue.**

146.    Defendant Enterprise through its employees knowingly provided and/or obtained Plaintiffs' labor and services by means of a scheme, plan, or pattern intended to cause Plaintiffs to believe that if they did not perform such labor or services, Plaintiffs would suffer legal consequences, harm, or physical restraint.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

147.    Defendant Enterprise compelled Plaintiffs to work the blueberry fields for exorbitant hours by threatening abuse of the legal process. Defendant Enterprise exploited the Plaintiffs' vulnerability and directed, assisted, conspired, or acted in concert with each other to create and perpetuate a system of peonage and forced labor prohibited by 18 U.S.C. §1590.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

148.    Defendant Enterprise, through its employees, used threats of abusing the legal process, threatened to call immigration authorities if Plaintiffs complained about the working conditions, which was a pattern of threats and abuse to cause Plaintiffs to believe that failure to obey would cause Plaintiffs and/or their families back in Mexico to suffer serious harm.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

149.    Plaintiffs suffered and continue to suffer emotional distress and financial distress due to Defendants' coercive and fraudulent tactics resulting in their forced labor and trafficking.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

150.    Plaintiffs are entitled to an award of compensatory and punitive damages, in an amount to be determined at trial, as well as reasonable attorneys' fees, and costs for the wrongful conduct of Defendants.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief under any of their claims.**

## COUNT III
### Violations of the TVPA – Forced Labor Against All Defendants
### (18 U.S.C. §§1590(a))

157.    Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:    Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.**

158.    It is a violation of the TVPA to "knowingly, recruit, transport, provide, or obtain by any means, any person for labor or services in violation of" the TVPA.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

159.    Defendant Enterprise knowingly and purposefully recruited the Plaintiffs as described herein, in violation of the TVPA.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

160.    Defendant Enterprise knowingly and purposefully transported Plaintiffs in violation of the TVPA.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

161.    Defendant Enterprise, through its agent/employee, Sanchez, when he transported the Plaintiffs along with approximately twenty-eight other individuals from North Carolina to Michigan to work at Defendants' blueberry operation.

**ANSWER:**    **Due to typographical errors, the allegations of this paragraph are unclear.  As a result, Defendants are unable to formulate an answer to this paragraph and therefore deny the allegations as untrue.**

162.    Defendant Enterprise knowingly and purposefully provided the labor of Plaintiffs as described herein, in violation of the TVPA.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

163.    Defendant Enterprise, through its agent/employee, Sanchez, knowingly provided the Plaintiffs and others to serve as Defendants' workforce on its blueberry farms.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

164.    Defendant Enterprise knowingly and purposefully obtained the labor of Plaintiffs as described herein, in violation of the TVPA.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

165.    Defendant Enterprise, through its agent/employee, Sanchez, knowingly obtained the Plaintiffs and others to pick blueberries on its farms during the 2017 blueberry season.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

166. Plaintiffs suffered damages as a direct and proximate result of the Defendants' conduct. These damages include, but are not limited to, loss of future earnings related to their forced withdrawal from the H-2A hiring system, as well as emotional distress damages.

**ANSWER:** **The allegations of this paragraph are denied as untrue.**

167. Plaintiffs are entitled to compensatory and punitive damages and restitution in amounts to be determined at trial, together with reasonable attorneys' fees and costs of this action.

**ANSWER:** **The allegations of this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief under any of their claims.**

## COUNT IV
### Violations of the TVPA – Forced Labor Against All Defendants
### (18 U.S.C. §§1594(a))

168. Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:** **Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.**

169. Attempts to violate the TVPA are themselves violations of the TVPA. 18 U.S.C. 1594(a).

**ANSWER:** **The allegations of this paragraph call for a legal conclusion to which no response is required.**

170. All six corporate Defendants attempted to violate 18 U.S.C. 1589 and 1590 described herein.

**ANSWER:** **The allegations of this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, the allegations of this paragraph are denied as untrue.**

46

171.    All six corporate Defendants knew or should have known that Plaintiffs were transported from out of state, were provided false identification, housed in deplorable conditions, and subject to forced labor without safe alternatives.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

172.    Plaintiffs suffered damages as a direct and proximate result of Defendant Enterprise's conduct, e.g. hiring known recruiters such as Sanchez to bring workers to Michigan. These damages include, but are not limited to, loss of future earnings related to their forced withdrawal from the H-2A hiring system, as well as emotional distress damages.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Responding further, the allegations of this paragraph are denied as untrue.**

173.    Plaintiffs are entitled to compensatory and punitive damages and restitution in amounts to be determined at trial, together with reasonable attorneys' fees and the costs of this action.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief under any of their claims.**

### COUNT V
### Violations of the AWPA - Misrepresentation of terms and conditions
### 29 U.S.C. §1821(f)

174.    Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

47

**ANSWER:    Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.**

175.    At all times relevant to this Complaint, all six corporate Defendants have constituted "agricultural employers" within the meaning of the AWPA. See 29 U.S.C. § 1802(2), and jointly employed Plaintiffs in a unified business operation that acted as a single enterprise.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, the allegations of this paragraph are denied as untrue.**

176.    At all times relevant to this Complaint, Plaintiffs have been "migrant agricultural worker[s]" within the meaning of 29 U.S.C. § 1802(8) and employed for the benefit of all six corporate Defendants.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

177.    The AWPA creates a private right of action for any person aggrieved by a violation. 29 U.S.C. § 1854(a).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

178.    Defendant Enterprise violated the AWPA, 29 U.S.C. 1821(f), by failing to provide information as well as providing false and misleading information to Plaintiffs concerning the terms, conditions, or existence of agricultural employment required to be disclosed.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

179.     When Plaintiffs were forcibly transported from North Carolina to work for the benefit of the Defendant Enterprise's blueberry farms, Defendant Enterprise failed to give information regarding the basis for their wages, piecework basis, numbers of hours to be worked, and withholdings.

**ANSWER:     The allegations of this paragraph are denied as untrue.**

180.     Defendant Enterprise omitted the information required to be disclosed by the AWPA to migrant agricultural workers like the Plaintiffs and this omission was tantamount to a misrepresentation of the required disclosures.

**ANSWER:     The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

181.     Plaintiffs have attempted to resolve this issue with Defendants by sending a demand letter to the address listed in Defendants' corporate filings on March 15, 2023, but have been unsuccessful to date.

**ANSWER:     To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

**COUNT VI**
**Violations of the AWPA – Written Disclosures Requirement**
**29 U.S.C. §1821(a)(1-7)**

182.     Plaintiffs, who were or are migrants under the AWPA reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:** The allegations of this paragraph call for a legal conclusion to which no response is required. Responding further, Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.

183. Defendant Enterprise recruited Plaintiffs by force, fraud, and coercion, through its agent employee, Antonio Sanchez prior to each Plaintiff's commencement of work for Defendants.

**ANSWER:** The allegations of this paragraph are denied as untrue.

184. Prior to transporting Plaintiffs from North Carolina to Michigan, Defendant Enterprise's agent employee, Sanchez, provided only limited and vague oral information on their destination: Michigan; and only limited description of the types of crops the Plaintiffs would be picking: blueberries. No written disclosures were provided prior to Plaintiffs being taken to Michigan.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Responding further, the allegations of this paragraph are denied as untrue.

185. Pursuant to 29 U.S.C. § 1821, Defendant Enterprise was required to provide written disclosures to Plaintiffs at the time of their recruitment, containing certain specific information about the conditions of their employment, including but not limited to the place of employment, the crops and types of activities that the worker will be employed on, the wage rate to be paid, the period of employment, and the entity to be informed if the worker suffers an on-the-job injury.

**ANSWER:** The allegations of this paragraph call for a legal conclusion to which no response is required.

50

186.    At all times relevant to this Complaint, Defendant Enterprise failed to provide Plaintiffs with the written disclosures required by Section 1821 of the AWPA, either independently by themselves or through their agent employee.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

187.    Plaintiffs have been harmed by Defendant Enterprise's failure to act in this respect, as they have not been provided with the appropriate information necessary to ascertain whether they have been paid all the wages they have earned or to redress their underpayment of wages.

**ANSWER:    The allegations of this paragraph are denied as untrue.**

188.    Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Responding further, the allegations of this paragraph are denied as untrue.**

189.    Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief under any of their claims.**

190.    Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:    To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

**COUNT VII**
**Violations of the AWPA – Violations of the recordkeeping requirements**
**29 U.S.C. §1821(d)**

191.    Plaintiffs, who were or are migrant under the AWPA, reallege the above paragraphs as though set forth fully herein.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.**

192.    Pursuant to AWPA section 1821(d), each farm labor contractor, agricultural employer, and agricultural association which employs any migrant agricultural worker shall, with respect to each worker, make, keep, and preserve records for three years of the following information: basis on which wages are paid; number of piecework units earned; the number of hours worked; the total pay period earnings; the specific sums withheld and purpose of those withholdings; and net pay, and provide each worker for each pay period an itemized written statement of the information required. 29 U.S.C. § 1821(d).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

193.    Defendant Enterprise issued Plaintiffs paystubs and maintained pay records that do not include an accurate hourly rate as obligated by the Act.

**ANSWER:** **The allegations of this paragraph call for a legal conclusion to which no response is required. Responding further, the allegations of this paragraph are denied as untrue.**

194. Defendant Enterprise violated 29 U.S.C. 1821(d) by failing to provide recordkeeping with regard to the hours worked by migrant agricultural workers such as the Plaintiffs.

**ANSWER:** **The allegations of this paragraph call for a legal conclusion to which no response is required. Responding further, the allegations of this paragraph are denied as untrue.**

195. Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Responding further, the allegations of this paragraph are denied as untrue.**

196. Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:** **The allegations of this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief under any of their claims.**

197. Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:** **To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information**

**sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

## COUNT VIII
### Violations of the AWPA – Violations of the transportation requirements
### 29 U.S.C. §1841(b)(1)(A), §1841(b)(1)(B), and §1841(b)(1)(C)

198.    Plaintiffs, who were migrant workers under the AWPA, reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.**

199.    Plaintiff Luis Guzman was obligated by Defendant Enterprise's agent employee Sanchez to drive a van to transport workers from their employer provided housing to the worksite and back each day.

**ANSWER:    The allegations of this paragraph are denied as untrue.**

200.    Plaintiff Guzman during the 2017 blueberry season did not have a driver's license.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

201.    Pursuant to AWPA section 1841(b)(1), each agricultural employer:

[w]hen using or causing to be used, any vehicle for providing transportation, shall: ensure that the vehicle conforms to the standards prescribed by the Secretary under paragraph (2) of this subsection and other applicable Federal and State safety standards; ensure that each driver has a valid and appropriate license, as provided by State law, to operate the vehicle; and have an insurance policy or liability bond that is in effect which insures the agricultural employer against liability for damages to persons or property arising from ownership, operation, or causing to be operated, of any vehicle used to transport any migrant or seasonal agricultural worker. 29 U.S.C. § 1841

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

54

202.    Defendant Enterprise through its agent employee Sanchez caused a vehicle to be operated to transport Plaintiffs and other workers when it compelled Plaintiff Guzman to drive without a license and failed to provide confirmation of the vehicle safety standards maintenance and insurance.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of Sanchez's actions or Plaintiff's absence of a valid driver's license.  The remaining allegations of this paragraph are denied as untrue.**

203.    Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Responding further, the remaining allegations of this paragraph are denied as untrue.**

204.    Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief under any of their claims.**

205.    Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:    To the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

## COUNT IX
### Violations of the AWPA – Violations of the obligation to pay wages when due
### 29 U.S.C. §1822(a)

206.    Plaintiffs, who were migrant workers under the AWPA, reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.**

207.    Defendant Enterprise unlawfully took deductions from Plaintiffs' wages for the transportation costs stemming from travel from North Carolina to Michigan; for the false identification that he charged them for; daily fees for purported transportation to and from the seasonal residence to the work sites; for rent of the substandard employer-provided housing in Michigan; and Plaintiff Guzman was not paid for his role as driver for the workers to and from the worksite to the seasonal residence.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, the allegations of this paragraph are denied as untrue.**

208.    Plaintiff Guzman was also tasked with driving a vehicle to transport other workers to the worksite but was unpaid for this job responsibility which was for the benefit of the employer.

**ANSWER:    The allegations of this paragraph are denied as untrue.**

209.    Pursuant to the AWPA section 1822(a), each agricultural employer which employs any migrant agricultural worker shall pay the wages owed to such worker when due. 29 U.S.C. § 1822(a).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

56

210.    By making unlawful deductions to Plaintiffs' wages, Defendant Enterprise did not pay the Plaintiffs all wages when due.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

211.    Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:    The allegations of this paragraph are denied as untrue.**

212.    Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief under any of their claims.**

213.    Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:    To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

## COUNT X
### Violations of the AWPA – Violations of housing requirements
### 29 U.S.C. §1823(a), 1823(b)(1)

214.    Plaintiffs, who were or are migrant workers under the AWPA, reallege and incorporate the allegations set forth above as if fully set forth herein.

57

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.**

215.    Defendant Enterprise placed Plaintiffs in a house through agent employee Sanchez when they arrived in Michigan from North Carolina.

**ANSWER:    The allegations of this paragraph are denied as untrue.**

216.    The employer-provided housing was located at 1941 Cleveland Ave.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

217.    Plaintiffs resided with approximately thirty other workers in one house at 1941 Cleveland Ave. The only two female workers brought to Michigan from North Carolina by Defendants' agent employee, Sanchez, had their own room but the remaining thirty other workers, including the Plaintiffs, all had to sleep on the floor throughout the rest of the house because there were no mattresses, cots, bunks, or beds provided. These thirty people had to share one single-toilet bathroom and one kitchen. This housing had fewer than 1,500 square feet of floor space.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

218.    Pursuant to AWPA Sections 1823(a) and 1823(b)(1), each person who owns or controls a facility or real property which is used as housing for migrant agricultural workers shall be responsible for ensuring that the facility or real property complies with substantive Federal and State safety and health standards applicable to that housing; and that no person who owns or controls any such facility or property shall permit it to be occupied by any migrant agricultural worker unless a copy of the certification of occupancy is posted at the site.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

219.    Plaintiffs were forced to live in substandard, overcrowded, and unsafe housing provided for the economic benefit of the Defendant Enterprise while they worked on its blueberry farm and no occupancy posting or certificate of safety compliance was posted at the site.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

220.    Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:**    **The allegations of this paragraph are denied as untrue.**

221.    Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief under any of their claims.**

222.    Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:**    **To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

## COUNT XI
### Violations of the AWPA – Violations of the posting requirements
### 29 U.S.C. §1821(b)

223.    Plaintiffs, who were or are migrant workers under the AWPA, reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.**

224.    The AWPA requires that employers post disclosures of workers' rights under the AWPA in common areas so that they are available to migrant agricultural workers in a language common to workers, or anyone not fluent or literate in English. 29 C.F.R. §500.78.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

225.    Defendant Enterprise failed to list or post any notifications regarding workers' rights in any of the locations where Plaintiffs were tasked with job responsibilities, either at the blueberry fields or at the weigh station.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, and to the extent the allegations of this paragraph relate to the actions or inactions of Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

226.    Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:    The allegations of this paragraph are denied as untrue.**

60

227.    Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:    The allegations of this paragraph are denied as untrue.**

228.    Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:    To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

## COUNT XII
### Violations of the AWPA – Violations of the working arrangement
### 29 U.S.C. § 1822(c)

229.    Plaintiffs, who were or are migrant workers under the AWPA, reallege and incorporate the allegations set forth above as if fully set forth herein.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, Defendants hereby restate and incorporate their responses to the preceding paragraphs as though set forth here in their entirety.**

230.    Under the AWPA, no agricultural employer "shall, without justification, violate the terms of any working arrangement made by that contractor, employer, or association" with any migrant or seasonal agricultural worker. 29 U.S.C. § 1822(c); 29 U.S.C. § 1832(c).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

231.    The AWPA creates a private right of action for any person aggrieved by a violation. 29 U.S.C. § 1854(a).

61

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.**

232.    The working arrangement between Plaintiffs and similarly situated persons and Defendant Enterprise implied that the Defendants would follow federal and state housing labor codes and standards.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

233.    Pursuant to Michigan Migrant Labor Camp Rules, Defendant Enterprise was obligated to provide not less than 100 square feet of floor space per individual residing in the housing units they leased or controlled. Mich Admin. Code R. 325.3615(4)(c)(iii).

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, the referenced Rules speak for themselves.  To the extent the allegations of this paragraph are contrary to, or inconsistent with, the referenced Rules, those allegations are denied as untrue.**

234.    Defendant Enterprise violated the Michigan Migrant Labor Camp Rues, and subsequently the AWPA, by housing more than thirty individuals in a house of less than 1,500 square feet. Mich. Admin. Code. R. §325.3615(4)(c)(iii); 29 U.S.C. § 1822(c).

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, the referenced Rules speak for themselves.  To the extent the allegations of this paragraph are contrary to, or inconsistent with, the referenced Rules, those allegations are denied as untrue.  The remaining allegations of this paragraph are denied as untrue.**

235.    Pursuant to Michigan Administrative Code R. 325.3615(10), Defendant Enterprise was required to provide sufficient bed space consisting of comfortable, rigidly supported beds, cots, or bunks with clean mattresses to Plaintiffs.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.**

236.    Defendant Enterprise violated Mich. Admin. Code R. 325.3615(10) and 29 U.S.C. § 1822(c)by requiring Plaintiffs to sleep on the floor of its migrant housing unit without providing a mattress, cot, bunk, or bed.

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

237.    Pursuant to Michigan Migrant Labor Camp Rules, "when, within a shelter, food is prepared and consumed by an individual other than the migratory laborer or the laborer's family members, the size of the facility shall be commensurate to the capacity of the camp." Mich Admin. Code R. 325.3623(3).

**ANSWER:    The allegations of this paragraph call for a legal conclusion to which no response is required.  Responding further, the referenced Rules speak for themselves.  To the extent the allegations of this paragraph are contrary to, or inconsistent with, the referenced Rules, those allegations are denied as untrue.**

238.    Defendant Enterprise violated Mich. Admin. Code R. 325.3623(3) and 29 U.S.C. § 1822(c) by only providing one kitchen for Plaintiffs to share with approximately thirty other individuals which did not permit Plaintiffs to reasonably access or make use of the kitchen facilities.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

239.    Pursuant to Mich Admin Code R 325.3627(2), any entity which leases, owns, or controls migrant housing must provide a toilet or privy seat in the ratio of at least one unit for each fifteen individuals it serves.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.**

240.    Defendant Enterprise violated Mich. Admin. Code R. 325.3627(2) and 29 U.S.C. § 1822(c) by providing only one toilet for the approximately twenty-eight male individuals, including Plaintiffs, in the migrant housing where Plaintiffs were placed.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied as untrue.**

241.    Plaintiffs suffered actual damages as a result of Defendant Enterprise's violations of the AWPA.

**ANSWER:**    **The allegations of this paragraph are denied as untrue.**

242.    Plaintiffs are entitled to statutory or actual damages, whichever is greater, for each violation of the AWPA.

**ANSWER:**    **The allegations of this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to relief under any of their claims.**

64

243. Plaintiffs have attempted to resolve this issue with Defendants but have been unsuccessful to date.

**ANSWER:** **To the extent the allegations of this paragraph relate to Defendants First Pick Farms LLC, and/or Grow Blue Farms, LLC, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  The remaining allegations of this paragraph are denied as untrue.**

WHEREFORE, Defendants respectfully request that this Court enter a judgment of no cause of action in favor of Defendants and against Plaintiffs and award Defendants all reasonable costs, including attorney's fees, associated with defending this action.

Respectfully submitted,
VARNUM LLP
Attorney for Defendants First Pick Farms Management, LLC and HB Hive and Company LLC

Dated: January 16, 2026           By:     /s/*Brion B. Doyle*
Brion B. Doyle (P67870)
Shelby J. Martinie (P87310)
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
bbdoyle@varnumlaw.com
sjmartinie@varnumlaw.com

27734818.1

## AFFIRMATIVE DEFENSES

Defendants reserve the right to assert one or more of the following affirmative defenses at a trial in this matter:

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

2.      Plaintiffs have failed to effectuate proper service of process on one or more Defendants.

3.      Plaintiffs' claims are barred, in whole or in part, because Antonio Sanchez is neither an agent nor employee of Defendants as those terms are defined under the applicable law.

4.      Plaintiffs' claims are barred, in whole or in part, because Defendants did not knowingly obtain Plaintiffs' labor or services by improper means under the TVPA.

5.      Plaintiffs' claims are barred, in whole or in part, because Defendants did not knowingly benefit financially from participating in a venue that engaged in providing or obtaining labor or services by improper means under the TVPA.

6.      Plaintiffs' claims are barred, in whole or in part, because Defendants did not knowingly benefit financially from participating in a venue that engaged in providing or obtaining labor or services by improper means under the TVPA.

7.      Plaintiffs' claims are barred, in whole or in part, because Defendants did not obtain Plaintiffs' services by force, threats of force, physical restraint, threats of physical restraint, serious harm, threats of serious harm, abuse or threatened abuse of the law or legal process, or any other scheme, plan, or pattern as those terms are defined under the TVPA.

8.      Plaintiffs' claims are barred, in whole or in part, because Defendants did not attempt to violate the TVPA.

9.      Defendants are exempt from some or all of the requirements of the AWPA and FLSA, *inter alia*, because Defendants are not considered "employers" or an "enterprise" under the AWPA or FLSA.

10.     Plaintiffs are exempt from some or all of the requirements of the AWPA and FLSA.

11.     Plaintiffs' claims are barred, in whole or in part, because Defendants did not cause any vehicle to be used in violation of the AWPA.

12.     At all times relevant to this matter, Defendants acted in good faith and with reasonable grounds for believing they were in compliance with the relevant statutes.

13.     At all times relevant to this matter, Defendants acted in good faith in conforming with written administrative regulations, orders, rulings, approvals, or interpretations of the federal agency or the administrative practices or enforcement policies of the agency with respect to similar employers.

14.     Plaintiffs have already been paid, in whole or in part, the wages to which they would be entitled.

15.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

16.     Plaintiffs have not suffered any damages.

17.     Plaintiffs have failed to mitigate their claimed damages.

18.     All or part of the damages sought by Plaintiffs may not be recoverable under the applicable law.

19.     If Plaintiffs suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

activities, carelessness, recklessness, negligence, or intentional misconduct of others including but not limited to Plaintiffs, and not by Defendants.

20.    Plaintiffs have failed to exhaust administrative remedies.

21.    Plaintiffs' claims may be barred by the doctrine of accord and satisfaction.

22.    Plaintiffs are barred from obtaining the relief sought in the Complaint by the doctrines of consent, estoppel, waiver, unclean hands, laches or other equitable doctrines.

23.    The alleged actions Plaintiffs complain of were taken with the consent, approval, or authorization of Plaintiffs.

24.    Plaintiffs' claims may be barred by the express language of the parties' agreement(s).

25.    Defendants reserve the right to add additional defenses made known to them through discovery in this matter.

> Respectfully submitted,
> VARNUM LLP
> Attorney for Defendants First Pick Farms Management, LLC and HB Hive and Company, LLC

Dated: January 16, 2026        By:    /s/*Brion B. Doyle*
> Brion B. Doyle (P67870)
> Shelby J. Martinie (P87310)
> Bridgewater Place, P.O. Box 352
> Grand Rapids, MI 49501-0352
> (616) 336-6000
> bbdoyle@varnumlaw.com
> smmartinie@varnumlaw.com

27734818.1