**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| FELICIANO VELASCO ROJAS and LUIS GUZMAN ROJAS,<br>        Plaintiffs,<br>v.<br><br>FIRST PICK FARMS LLC., FIRST PICK FARMS MANAGEMENT, LLC., HB HIVE, LLC., GROW BLUE FARMS, LLC., GROW BLUE FARMS HOURLY, LLC., and GROW BLUE FARMS SALARY, LLC.,<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action<br>No: 1:23-CV-00604<br>Hon. Paul Maloney |

**FED. R. CIV. P. 26(f) JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for February 24, 2026, at 1:30 p.m. before

the Honorably Sally J. Berens. Appearing for the parties as counsel will be:

For Plaintiffs:

Gonzalo Peralta
MICHIGAN IMMIGRANT RIGHTS CENTER

Dorian Slaybod
FARMWORKER LEGAL SERVICES

Abigail Kerfoot
CENTRO DE DERECHOS DEL MIGRANTE, INC.

Lori Johnson
FARMWORKER JUSTICE

For Defendants:

Andrew Scroggins, attorney for Defendants: First Pick Farms, LLC; and Grow Blue Farms, LLC.

Brion Doyle, attorney for Defendants: First Pick Farms Management, LLC and HB Hive, LLC

1

1. <u>Jurisdiction:</u> Plaintiffs assert that the Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 (federal question), the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA), 29 U.S.C. 1854 *et seq*.; the Trafficking Victims Protection Act ("TVPA") 18 U.S.C. §1527 *et seq*. and the Trafficking Victims Protection Reauthorization Act ("TVPRA") 22 U.S.C. §7101.

2. <u>Jury or Non-Jury:</u> This case is to be tried before a jury.

3. <u>Judicial Availability:</u> The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of final judgment. However, the parties are agreeable to mediation through a United States Magistrate Judge.

4. <u>Statement of the Case:</u>

**Plaintiffs' Statement of the Case**

Plaintiffs bring this action against the Defendants under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") 29 U.S.C. §1801, *et seq*.; the Trafficking Victims Protection Act ("TVPA") 18 U.S.C. §1527 *et seq*.; and the Trafficking Victims Protection Reauthorization Act ("TVPRA") 22 U.S.C. §7101 for knowingly engaging in labor trafficking in Defendants' blueberry farm operation beginning  in 2017. In addition, Plaintiffs assert various causes of action under the AWPA with respect to Defendants' obligations to comply with required employment practices for incoming agricultural workers and to provide safe living conditions for workers.

**Defendants' First Pick Farms, LLC and Grow Blue Farms, LLC Statement of the Case**

Defendants First Pick Farms, LLC and Grow Blue Farms, LLC deny that they employed Plaintiffs and deny any relationship with Antonio Sanchez (whom Plaintiffs allege recruited and transported them from North Carolina to Michigan and compelled their labor, among other things). Defendants First Pick Farms, LLC and Grow Blue Farms, LLC also deny that any of their employees transported Plaintiffs from North Carolina to Michigan, deny that any of their employees compelled Plaintiffs' labor; deny that they provided or controlled Plaintiffs' housing, deny that any of their employees threatened or coerced Plaintiffs, deny that any of their employees forced Plaintiffs' labor or had any knowledge of others who may have forced Plaintiffs' labor.

**Defendants' First Pick Farms Management, LLC and HB Hive, LLC Statement of the Case**

Defendant First Pick Farms Management denies that it employed Plaintiffs and denies any relationship with Antonio Sanchez (whom Plaintiffs allege recruited and transported them from North Carolina to Michigan and compelled their labor, among other things). Defendants First Pick Farms Management and HB Hive also deny that any of their

employees transported Plaintiffs from North Carolina to Michigan, deny that any of their employees compelled Plaintiffs' labor; deny that they provided or controlled Plaintiffs' housing, deny that any of their employees threatened or coerced Plaintiffs, deny that any of their employees forced Plaintiffs' labor or had any knowledge of others who may have forced Plaintiffs' labor.

5. <u>Joinder of Parties and Amendment of Pleadings:</u> The Parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings 45 days before the end of the discovery period.

6. <u>Disclosures and Exchanges:</u>
   i.     Fed. R. Civ. P. 26(a)(1) initial disclosures: March 10, 2026.
   ii.    Fed. R. Civ. P. 26(a)(2) expert disclosures:

          The parties agree to disclose names of expert witnesses by forty-five 45 days before the end of discovery.

          Plaintiffs propose that Plaintiffs' expert disclosures be due thirty (30) days after the completion of fact discovery.

          The parties agree that Defendants; expert disclosures would be due thirty (30) days after Plaintiffs' expert disclosures.

          The parties agree that rebuttal expert disclosures would be due thirty (30) days after Defendants' expert disclosures.

   iii.   Fed. R. Civ. P. 26(a)(3) pretrial disclosures: 30 days prior to start of trial.
   iv.    Initial Disclosure of potential lay witnesses: The parties agree to disclose potential lay witnesses known to them at the time of initial disclosures.

7. <u>Pendent State Claims</u>: This case does not include pendent state claims.

8. <u>Discovery:</u> The parties believe that all fact discovery proceedings can be completed within ten (10) months of the Rule 16 Scheduling Conference. The parties recommend the following discovery plan:
   a. Fact discovery, including depositions of fact witnesses, to be completed by **November 21, 2026.**
   b. The parties agree to accept service of discovery requests and responses via electronic mail  in .pdf format along with a .doc format provided as a courtesy.
   c. The parties agree to the presumption limits on discovery with the following modifications:
      i.  Interrogatories will be limited to thirty (30) per party.
      ii. Organizational depositions taken pursuant to Rule 30(b)(6) will be limited to 2 days of 7 hours each.

3

    d.   The parties agree that depositions be scheduled at mutually convenient dates and times. The parties agree that depositions be taken virtually.

9. <u>Motions:</u> The parties anticipate that all dispositive motions will be filed 45 days after the close of discovery. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certificate that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

10. <u>Alternative Dispute Resolution:</u> The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: voluntary facilitative mediation (W.D. Mich. LCivR 16.3). The parties may also agree to a settlement conference before a magistrate judge (W.D. Mich. LCivR 16.6) if the case is not resolved prior to trial. Plaintiffs are indigent, low-income farmworkers, who cannot afford the fees of a neutral mediator and may seek pro bono ADR services pursuant to W.D. Mich. LCivR 16.2(h).

11. <u>Length of Trial:</u> Counsel estimates the trial will last approximately six (6) days total, allocated as follows: three (3) days for plaintiffs' case, and three (3) days for defendants' case.

12. <u>Prospect of Settlement:</u> The parties have not engaged in settlement negotiations since the filing of the Second Amended Complaint and will do so when practicable.

13. <u>Discovery or Disclosure of Electronic Stored Information:</u>
The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:
    a.   Both parties are in possession of discoverable ESI.
    b.   The parties agree to produce ESI in the following formats:
        i.   For images, video recordings, and audio recordings, the native format of the document.
        ii.   For emails, the parties will endeavor to provide such documents as .PST or .EML files.
        iii.   For text messages, WhatsApp messages, and other instant messages, a .PDF which preserves the chronological order of the messages.
        iv.   For payroll data, a relational database or other manipulable format, if such format is available.
        v.   All other information must be produced in its native format, or, if native format is unavailable, in another reasonably accessible format in which it was normally accessed, edited, or maintained.
    c.   If a proprietary software is required to view any discoverable ESI, the producing party agrees to confer regarding the appropriate format of production.
    d.   The parties agree to preserve and produce the following metadata to the extent necessary to adequately and reasonably satisfy each parties' discovery requests, and to the extent possible given the nature of the applicable electronic systems:

      i.   For all files created or accessed on a computer, the following file metadata: originating filename, date created, date last modified, date last saved, authors, last saved by, and date last printed.

     ii.   For emails: all information contained in the email header, including sender, receiver, CCs and BCCs, time sent, time received, subject and date.

   iii.   For text messages: sender, receiver, CCs and BCCs, time sent, time received, subject, and date.

    iv.   For images: EXIF data.

     v.   For relational databases, including .CSV, .XLS, and .XLSX files, all formulas used to calculate values.

e.   The parties agree to preserve all metadata and native files until a final order has been submitted.

14. Other:

a.   <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>: The parties agree that the production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties agree that an inadvertent disclosure of privileged or work-product protected documents, electronically stored information ("ESI") or other information will receive the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. The parties agree to return inadvertently produced privileged or work-product protected documents, ESI or other information to the producing party.

Dated: February 18, 2026                Respectfully Submitted,

**MICHIGAN IMMIGRANT RIGHTS CENTER**
<u>/s/</u> Gonzalo Peralta
Gonzalo Peralta (P84529)
gperalta@michiganimmigrant.org
1500 E. Beltline Ave. SE, Suite 300
Grand Rapids, MI 49506
Telephone: (734) 519-5763
Facsimile: (734) 519-5763

**FARMWORKER JUSTICE**
<u>/s/</u> Lori Johnson

Lori Johnson (North Carolina Bar No. 24227)
ljohnson@farmworkerjustice.org
1126 16th Street NW, Suite 507
Washington, DC 20006
Telephone: (202) 800-2523
Facsimile: (202) 293-5427

**FARMWORKER LEGAL SERVICES**
/s/ Dorian Slaybod
Dorian Slaybod (MI P84095)
dslaybod@farmworkerlaw.org
1500 E. Beltline Ave. SE, Suite 300
Grand Rapids, MI 49506
Telephone: (269) 492-7190

**CENTRO DE LOS DERECHOS DEL MIGRANTE**
/s/ Abigail Kerfoot
Abigail Kerfoot (California Bar No. 335970)
abigail@cdmigrante.org
711 W 40th Street, Suite 412
Baltimore MD 21211
Telephone: (410) 783-0236

*Plaintiffs' Counsel*

**SEYFARTH SHAW LLP**
/s/ Andrew Scroggins
Andrew Scroggins (P85575)
ascroggins@seyfarth.com
233 S. Wacker Dr., Ste. 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5000

*Counsel for Defendants First Pick Farms, LLC; and Grow Blue Farms, LLC*

**VARNUM LLP**
/s/Brion Doyle
Brion B. Doyle (P67870)
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
bbdoyle@varnumlaw.com

*Counsel for Defendants: First Pick Farms Management, LLC and HB Hive, LLC*